WESTERN DIST.
*Oct.* 1838.

WARD'S HEIRS
*vs.*
BOWMAR.

---

## WARD'S HEIRS *vs.* BOWMAR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

If the citation of appeal wants the seal of the court from which it issued, it is insufficient, and the appeal will be dismissed on motion by the appellee.

The irregularities of bringing up the appeal and citing the appellee, are none of them waived, by filing *any grounds* for the dismissal of the appeal.

This suit commenced in an opposition made by the heirs of Ward to a monition taken out by R. H. Bowmar to per-

WARD'S HEIRS
*vs.*
BOWMAR.

fect the sale of a tract of land, sold at the probate sale of John Ward's estate.

After hearing the evidence and the parties, the probate judge gave judgment overruling the opposition, sustained the intervention of Guice, and homologated and confirmed the sale. The plaintiffs in opposition appealed.

*Downs,* for the appellees, moved to dismiss the appeal, for want of the seal of the court authenticating the citation.

2. Because the citation of appeal was not served on the real party in *interest,* (Bowmar,) who is the appellee, until the 18th September, when the appeal was returnable to the 1st of October following, thereby allowing him only fourteen days to appear and answer, instead of twenty-six days, the time allowed by law to appear and answer to the appeal.

3. The return of the service of citation was illegal, not being made in the petition, as the law requires.

4. So far as the appellant, Smith, is concerned, (who married one of the heirs of Ward, he has no right to appeal for his wife; she ought to have appealed, authorized by her husband, the suit being for the title to real property of the wife.

*Mc Guire,* for the appellants.

*Martin, J.,* delivered the opinion of the court.

The dismissal of the appeal is prayed for on the ground " that the citation is not authenticated by the seal of the court."

2. That there was not sufficient time elapsed between the service of citation and the return day thereof.

3. The appeal was irregular as to Smith, who had no legal right to appeal for his wife; but that she ought to have appealed with the authorization of her husband, the suit being for the title to real property of the wife.

On the first ground the appeal must be dismissed, for this case cannot be distinguished from that of Campbell, Ritchie & Co. *vs.* Karr, 7 *Louisiana Reports,* 70.

If the citation of appeal wants the seal of the court, from which it issued, it is insufficient, and the appeal will be dismissed on motion by the appellee.

WESTERN DIST.
Oct. 1838.

This renders it useless to examine any of the other grounds ; but the counsel for the appellants contends, that all the informalities in the citation and the service thereof are waived, by the third ground of dismissal, which he alleges is a plea to the merits.

It appears to us that the irregularities of the citation are not thereby waived. It is only a third ground of dismissal entirely independent of the two others. It is a substantial ground of dismissal, that the appeal has been taken by a person who has no right thereto ; and in order to show this, the appellee may, without submitting the case on its merits, allege that the right of appeal is in another.

*The irregularities of bringing up the appeal and citing the appellee, are none of them waived, by filing any grounds for the dismissal of the appeal.*

The appeal must, therefore, be dismissed, with costs.