## SAME CASE.

The general doctrines relative to the interruption of prescription, do not apply to the period fixed by art. 593 of the Code of Practice, after which no appeal will lie. No appeal can be taken after the expiration of that time, though one, may have been dismissed, which was taken within the period.

When the period has elapsed within which a party might have appealed, he will not be allowed to contest his rights in the name of another appellant.

Third persons, not parties to the suit, who allege themselves aggrieved by the judgment, to whom the right of appeal is given by art. 571 of the Code of Practice, are entitled to avail themselves of every thing in the record affecting their rights.

THE testimony taken before the Court of Probates, on the trial of the issue sent down, having established that the appellants were non-residents, this case came up for examination on its merits.

GARLAND, J. On the 30th of August, 1830, the mother of the plaintiffs, acting as the administratrix of her deceased husband, presented her petition to the Court of Probates, representing the estate as largely indebted, and as having no means of paying the debts, except by a sale of the property ; she, therefore, prayed for a family meeting, and a sale of the real and personal estate. The judge ordered a family meeting to assemble on that day, which was held. The meeting recommended a sale, and the judge immediately homologated the proceedings, and entered up a judgment directing the sale. On the 1st of October of the same year, a sale of the succession was made, and Abraham Guice became the pur-

chaser for $770, payable at different terms. Guice afterwards sold the land to Bowmar, who, in January, 1837, applied to the Court of Probates for a monition, under the act of the legislature of 1834. B. & C. Dig. 585. To this application, Benjamin A. Ward, who was a minor at the time of the sale, having no representative but his mother, and Mary B., the wife of Thomas Smith, who was of age at the time, made opposition, and alleged :

*First.* That at the time of his death, John Ward left two major, and two minor heirs. That the major heirs were not notified of the application of their mother to sell the property, nor of any of the proceedings. That the minors were without any tutor or other legal representative to attend either to the inventory, family meeting, or sale.

*Second.* That the family meeting was null and void, having been held *instanter*, and without notice, when a notice of three days was required.

*Third.* That there was no legal advertisement of the sale, there having been but thirty-one days between the judgment and sale.

*Fourth.* That there is only a memorandum of sale, the Parish Judge not having certified that he made it.

They, therefore, pray that the sale to Guice may be annulled, and the land declared to belong to the estate of their father. To this petition, or opposition of the heirs, Bowmar filed an answer, denying generally all their allegations, and further stating that he had purchased of Guice, and citing his heirs in warranty. Their legal representative appeared, and in a petition of intervention, set forth all the material matters heretofore stated, and alleged the legality of the sale, and other matters in avoidance of the claim of Bowmar against the heirs.

All the mortuary proceedings in relation to the estate of John Ward were given in evidence, and, after hearing the parties, the Probate Judge dismissed the oppositions of the two heirs and homologated the sale. From this judgment they appealed. This appeal was dismissed for various causes. 12 La. 571.

The same opponents afterwards took another appeal, in which they were joined by Nancy Ward, and Elizabeth, the wife of Griffing, the two other heirs, residing in Indiana, who allege an interest in the case.

.Griffing and others, Heirs, v. Bowmar.

This appeal the counsel of Bowmar and Guice move to dismiss, for the reasons stated in the opinion given at the last term of the court. *Supra*, p. 112.

As to Benjamin A. Ward and Mary B., the wife of Smith, the appeal must be dismissed, more than one year having elapsed since the rendition of the judgment, they being residents of this State ; but as to the two appellants, who reside in Indiana, the case is different, as they have two years within which they can prosecute their appeal (Code of Pract. art. 593) ; and, being interested, they have a right to appeal, although not parties in the inferior court. Code of Pract. art. 571. The counsel for the two appellants residing in this State urge, that the prescription of one year ought not to apply to them, as they interrupted it by taking the appeal which was dismissed ; and, further, that they can come into court under the protection of their co-defendants. We cannot assent to either proposition. We know of no law that recognizes an interruption of the prescription of one year against an appeal ; nor do we think the general doctrines in relation to the, interruption of prescription apply to such a case. The assumption, that a party can contest his rights in this court, in the name of another, when he cannot be heard himself, is utterly untenable, as we recently had occasion to decide in the case of *Field* v. *Mathison, Executor, ante*, p. 38.

The second ground for a dismissal, does not apply to the parties now before the court.

Upon the third ground, it is only necessary to remark, that we have examined the citations and returns, and think both sufficient.

The certificate of the Probate Judge shows that the record is complete, and contains all the evidence on which the case was tried in the inferior court.

The evidence taken on the issue sent from this court, at the last term, shows that the appellants are non-residents.

Upon the merits, all the grounds of objection stated in the oppositions of Benjamin A. Ward and Mary B. Smith, have been urged and relied on by the appellants now before us. The first reply which the counsel for the appellees make to them, is, that although the Code of Practice may give the right of appeal to third persons, they cannot avail themselves of the allegations

made and evidence exhibited by the parties to the suit, in the court below. We think otherwise. The right of appeal accorded to third persons would be of no value, and perfectly nugatory, if the appellants could not avail themselves of all that is in the record, which affects their rights. If it were not so, every case in which third persons might take an appeal, would necessarily have to be remanded. They are supposed to do so under some disadvantages, as they are obliged to take the case as it is, without an opportunity of presenting their rights in their own mode, and supporting them by such testimony as might be in their possession. The present appellants are at liberty to avail themselves of all the grounds of opposition stated by those appellants who have been dismissed, but they take them burthened with all their responsibilities towards Bowmar, and the representatives of Guice.

As to the complaint that the land was not legally advertised, we think that it is obviated by the 2d section of the act of March 10, 1834, B. & C. Dig. p. 8, which makes the declaration and *procès-verbal* of the judge, evidence that a sale was made, and also *prima facie* evidence that the property was duly advertised ;* this, however, the heirs of Ward may controvert, by such testimony as they can produce.

At the trial, the heirs of Ward offered in evidence a document to show that the proceedings of the Probate Judge previous to, and at the sale, were illegal. This document consisted of the petition of the administratrix, the order of the judge for a family meeting, its deliberations, and the order of the judge to sell the

---

* This act provides : Sect. 1. That in public sales hereafter to be made by parish judges, sheriffs, auctioneers, or other public officers, and which are, or may be required by law to be preceded by advertisement, it shall be the duty of such parish judges, sheriffs, auctioneers, or other public officers. in their *procès-verbal*, deed, or act of sale, to state the manner, time, and place of making such advertisements, which statement so required to be made shall be held to make proof of the manner, time, and place of making said advertisements, on any question that may grow out of the sale wherein the same was made.

Sect. 2. That when a question shall arise out of any public sale hereafter made by the parish judge, sheriff, auctioneer, or other public officer, and which sale was required by law to be preceded by advertisements, the fact of sale being proven, it shall make *prima facie* evidence that the required advertisements were regularly made. Acts of 1834, p. 122.

property composing the succession, all dated on the same day. The counsel for Bowmar and Guice, then offered, on their part, the same proceedings as evidence, together with the *procès-verbal* of the probate sale, and a deed from Guice to Bowmar. To this the heirs of Ward objected, because the documents were all of the same date, and there was no prayer for the homologation of the proceedings of the family meeting, which were not attested, nor consented to by an under-tutor, and because notices were not given to any party. The judge received the papers in evidence, and the counsel for Ward's heirs, excepted. We do not think the judge erred. The objections go entirely to the legal effect of the documents, aad not to their admissibility.

We are not altogether satisfied that the proceedings, which led to the sale of Ward's succession, were regular and legal; but, if they are not so, it is not impossible that the two appellants now before us, may be responsible, in warranty, for the acts of their deceased mother, who was the administratrix, and provoked the sale. It may be that the land was community property, in which event the interest of the appellants will be very small, only one-eighth each. A part of the price for which the land sold may have to be refunded, and as one (perhaps both of the appellants,) was a major at the time of the sale, and did not object to or appeal from the judgment ordering it, it is possible that prescription may be successfully opposed to their action. The present appellants were not parties to the proceedings in the Probate Court, therefore none of these questions can be finally settled. We think that justice requires us to remand the case.

To prevent an accumulation of questions, we think it best to say that we believe the principle settled in the case of *Graham's Heirs* v. *Gibson*, 14 La. 146, and in some other similar cases, does not apply to this. That case was an action brought in the District Court to recover property, alleging the nullity of the proceedings in the Probate Court, under which the defendant held. We said that we would not, collaterally, in another court, go behind the judgment of the Probate Court, to see if the proceedings, which led to the judgment, were regular.* This is a different

---

* The case of *Graham's Heirs* v. *Gibson*, was an action before a District Court, by the tutor and under-tutor of certain minors, in which the petitioners prayed that the

case. The 2d section of the act of March 10, 1834, relative to monitions, (B. & C. Dig. 585,) specially directs an examination into the judgment or decree and other proceedings. This case is something similar to an action of nullity, and was commenced in the same court that gave the original decree.

The judgment of the Probate Court is, therefore, reversed, and the cause remanded for a new trial, with directions to the judge to conform to the principles herein stated, and otherwise proceed according to law ; the appellees paying the costs of this appeal.

---

minors might be decreed to be the owners, and be put in possession of lands which had been sold by order of a Court of Probates, and that the sale might be annulled. There was a plea to the jurisdiction, which was sustained below. On the appeal, the court said : " We do not doubt the right of the District Court to examine into matters of probate jurisdiction, when brought before it collaterally, and *vice versa*. But we do not deem the nullity of the probate sale to have been brought before the District Court, in this suit, collaterally ; it is the head and front of the suit itself ; and the court is called upon to avoid, cancel, and annul the acts of the Probate Court, which is, to our view, a direct action of nullity."