7b 656
52 1140

### F. PILLOT, wife of J. BARISIEM, *v.* T. M. COOPER, Curator.

A person whose property has been sold without his consent, may appeal from a decision affecting the property, although no party to the suit, under art. C. P. 571.

APPEAL from the Third District Court of the Parish of Jefferson, *Clarke*, J. *Charles Fitz*, for *C. Fraisse*, appellant. *J. J. Michel*, for plaintiff. By the court:

ROST, J. The defendant, as curator of the succession of *Yorick Privat*, is in the possession of the steamer Daniel Boon, which was the joint property of *Privat* and *Cæsar Fraisse*. The plaintiff claimed the boat from him under a sale to her, by *Privat* acting for himself and as agent of *Fraisse*.

---

*Plaintiff, in effect, requested the court to instruct the jury, that as the plaintiff alleged the services to be worth $500, and as it was not denied. it must be considered as admitted that the services were worth that sum. The court refused; and instructed the jury, that "the defendant admitted the *services*, but not their *value*."                    R.

The answer contains a general denial, and an averment that the sale alleged is a forgery, or was otherwise obtained by fraud.

The signature of *Privat*, to the act of sale, was proved, by a comparison of handwriting with a signature in a notarial act, which is not in the record, and upon that evidence there was judgment in favor of the plaintiff, for the steamer.

*Fraisse* took a suspensive appeal, on the ground that he is aggrieved by the judgment; and alleges, as errors, that under the defence, the signature of *Privat* is not sufficiently proved; that there is no evidence of the authority of *Privat* to sell his half interest in the boat; that he never gave such authority, and that the judgment, if executed, would work him an irreparable injury.

The appellant lives in Vicksburg. There is nothing to show that he had notice of this suit; and it is true, as he alleges, that the record contains no evidence of the authority of *Privat* to sell.

It would seem, on the contrary, that *Privat* continued to have the control of the boat, after the alleged sale.

We think this a proper case for the application of article 571 of the Code of Practice, and that the ends of justice will be promoted by reversing the judgment, so far as appealed from, and remanding the case, to be tried between the appellant and the plaintiff.

It is ordered that the judgment, so far as appealed from, be reversed, and the case remanded for further proceedings between the appellant and the plaintiff, who is adjudged to pay the costs of the appeal.