No. 2785.—STATE, ex rel. D. M. SHARP AND D. GELLEN, v. JUDGE OF THE SIXTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

A bill of exceptions, taken from the ruling of the judge dismissing an intervention, can not be examined on appeal from a final judgment between the original parties, and a writ of mandamus will not lie to compel the judge a quo to sign such bills.

In an attachment suit, where the property attached has been sold, and the proceeds thereof are in the custody of the sheriff, a third party, on disclosing an interest that entitles him to appeal from the judgment in favor of the attaching creditor, should be allowed to do so on giving bond in an amount fixed by the judge.

In fixing the amount of the bond, reference should be had to the amount of costs for which the third party appellant would be liable, together with the possible amount of damages in case of frivolous appeal.

If a bond is tendered, which is not sufficient in amount, the judge should fix the amount.

In case the judge refuses, the Supreme Court will, on application, fix the amount of the bond, and issue a mandamus directing the judge to grant a suspensive appeal.

APPLICATION for Writ of Mandamus. *Roselius & Philips* and *Hornor & Benedict,* for relators. *W. H. Cooley,* Judge.

HOWELL, J. The relators allege that in the suit of Wm. Richard *v.* Lew. Lane et al., No. 1176 on the docket of the Sixth District, for the parish of Orleans, an attachment issued against the defendants, who are non-residents, and the property of relators was attached, and, upon

State, ex rel. Sharp and Gellen, v. Judge of Sixth District Court.

an *ex parte* order, was sold, and the proceeds, over seventeen thousand dollars, are now in the hands of the sheriff; that relators were made parties defendants in said suit, and the sale of said property from the defendants to relators asked to be declared fraudulent and simulated; that the relators filed an answer to said suit, setting up ownership in and possession of said property, and praying that the same be restored to them ; that they obtained a commission and the delay necessary to take the testimony of witnesses in the State of Kentucky, but before the return thereof, on the expiration of the delay granted, the case was called for trial, when they moved for a continuance, on the ground that said delay had not expired, which motion was overruled, and the trial proceeded with; that the plaintiff, after he commenced reading his petition, moved to discontinue the case as to the relators, to which they objected that they were entitled to a restitution of their property ; but this objection was overruled, and relators were dismissed, to both of which rulings they reserved bills of exception, which were allowed, but afterwards the judge refused to sign them, on the ground that relators had no right "to take these bills, as the suit was dismissed as against them."

The suit was tried as to the defendants in the attachment, and judgment rendered for over seven thousand dollars, with privilege on the property attached, being the property of relators.

From this judgment relators, as third persons, asked for a suspensive appeal, upon offering a bond for five hundred dollars, which the judge refused, and they now ask for a writ of mandamus, directing said judge to sign the two bills of exception and grant a suspensive appeal from the final judgment against the defendants, Lew. Lane et al.

The judge answers that he refused to sign the bills of exception for the reason stated by the relators, that the suit having been dismissed as to them, they were no longer before the court as parties defendants, the plaintiff having the undoubted right to dismiss, as they made no reconventional demand, and the prayer of their answer being responsive to the allegations of the petition; and that he refused the suspensive appeal for the reasons: *First*—That the petition of appeal presented by the relators, as third parties, disclosed no appealable interest in them, it not being shown that their interest exceeded five hundred dollars. *Second*—That the prayer of the petition for appeal was not in the form required by law, as it fixed the amount of the appeal bond and the return day, when the law imposed these duties on the judge. And, *Third*—The bond tendered was totally insufficient in amount, it being known to him that the costs already incurred were very large, a statement of which, exceeding three thousand dollars, is annexed to the answer.

We think the judge did not err in refusing to sign the bills of exception, as the rulings to which they were taken can not be reviewed on

23

the appeal which the relators are seeking to take from the judgment against the defendants in the attachment. The judgment of dismissal is a final judgment, and if the relators are aggrieved by it, they can have it reviewed only on appeal from it directly, and not by bills of exception on appeal from another judgment against other parties. If an appeal had been taken from the judgment of dismissal, the judge should have signed the bill of exceptions taken to the refusal to grant a continuance; but that bill would be useless without an appeal from the judgment of dismissal.

The reasons given by the judge do not, however, justify his refusal to grant the appeal asked for by the relators as third persons.

*First*—The record clearly discloses an appealable interest in the relators; for the plaintiff made them a party in order to annul the sale to them of property worth several thousand dollars. The dismissal of this portion of plaintiff's demand did not change the nature of the sale attacked, nor obliterate the allegation or charge implying a sale and title. In this respect this case differs from that of the State, ex rel. Schwab, *v.* Judge of the Second Judicial District.

*Second*—The form of the prayer for the appeal was not binding on the judge. The law makes it his duty to fix the amount of the bond, and name the return day, whether mentioned in the prayer or not. It was his right to correct these, if wrong in the prayer. A judge is not compelled to grant everything prayed for, or in the precise form asked.

*Third*—As the record shows that the funds in controversy are in the court, the case is similar, in some respects, to that of the Fashion case, 10 An. 345, and a bond for one-half over the amount of the judgment is not required.

It is presumed that the costs in the lower court were secured by the plaintiff upon instituting his suit. If the relators, as third persons, should succeed on appeal, no judgment for any sum could be rendered against them, and for any costs which they might have to pay as appellants, they would have recourse upon the parties cast. If unsuccessful on appeal, the judgment would be affirmed, and they, being third persons, condemned to pay only the costs occasioned by their intervention as appellants, that is, costs arising upon and after their petition for appeal, and also damages, if the appeal should be frivolous. In the cases in 4 An. 3, and 13 An. 417, the appeal was taken by parties to the suit, not by third parties, who do not, by appealing, become liable for the costs in the original suit, any more than for the principal of the judgment.

As above remarked, the sum mentioned in the prayer for an appeal did not bind the judge. The tender of a bond and petition evidenced the willingness of the relators to give a bond, and it was in the province

State, ex rel. Sharp and Gellen, v. Judge of Sixth District Court.

of the judge to grant an order fixing the bond in such sum as he might consider sufficient.

Taking into view the amount for which judgment was rendered, and the possibility of a frivolous appeal, and the costs for which relators may be liable, we think a bond in this case for one thousand dollars sufficient.

It is therefore ordered that the mandamus herein be made peremptory, and the judge a quo directed to grant a suspensive appeal to relators upon their giving a bond according to law for one thousand dollars.