The opinion of the Court was delivered by
Poems, J.
The ground urged for tho dismissal of this appeal is, that the time prescribed by law for appealing had elapsed when the order of appeal was obtained.
It appears from the record that the judgment appealed from was rendered on May 28th, 1879, and that the order for the present appeal was obtained on the 14th of December, 1881, or more than two years since the rendition of the judgment appealed from, which was the delay for appealing granted bylaw to these appellants, who are non-residents of the State. C. P. 593. Unless, therefore, they can show reasons for a suspension or an exception of the rule in the present case, they cannot maintain their appeal.
Assimilating the rules of law governing the right of appeal and fixing the period of time within which appeals may be taken, to the laws of prescription, and of the interruption thereof, appellants contend that the running of the delay, within which they were required by law to perfect and bring up the present appeal, was interrupted by two devolutive appeals, which they had previously and successively brought up from .the judgment rendered in this suit, and which had both been in turn dismissed from this Court, on motions of appellee, for laches of the appellants. The record shows, that their first order of appeal was' granted on motion in open Court, on the 28th of May, 1879, and that their appeal was returned on the third Monday of Jan *317 uary, 1880, in this Court, whence it was dismissed oil tlie 1st of March following. 32 A. 304.
Tlie second appeal was obtained by petition on tlie 5th of May, 1880, and made returnable on the 3d Monday of January, 1881, and it was dismissed on the 21st of May following. 33 A. 920.
■ No explanation is offered by appellants for their failure to apply for the present, tlieir third devolutive appeal, between the 21st of May, 1881, tlie date of the dismissal of tlieir second appeal, and the 28th of the same moilth, the date, the month, in 1879, of the judgment appealed from.
They rely exclusively upon the ground, that the time during which these first two appeals were pending, and were under advisement in this Court, should not be computed in the two years’ delay granted to them by Article 593 of the Code of Practice; and they contend, that the citation of appeal served twice on appellee, operated as an interruption of prescription, conformably to Article 3518 of the Civil Code, which provides a legal interruption of prescription by means of citation before a court of justice, of the possessor, on account, either of the ownership or of tlie possession, and that the delay for them to appeal had not yet elapsed.
In support of this extraordinary position, their able and distinguished ■counsel has favored us with a very elaborate brief, which we have read with marked interest, but which has necessarily made no more impression on our minds, than to inspire us with admiration for a logical intellect, struggling against its own sound convictions, in a vain effort to confound legal subtleties with well recognized principles of law.
The fallacy of their position arises from an attempt to ignore the great difference existing between the Civil Code, which prescribes ■rules of action, and the Code of Practice, which prescribes rules of practice, established for the regularity of judicial proceedings, and for the guidance of parties seeking to enforce rights conferred by the Civil Code.
It has long since been settled, as well by the very nature of the two Codes as by the history of their adoption, as explained by our jurisprudence, that each Code was intended to treat of distinct subjects, and to secure distinct rights, and that each must be interpreted with reference to its distinct object.
Hence, we are justified in concluding that the innumerable, authorities quoted in appellants’ brief, on the subject of prescription, and of the mode or interrupting the same, have no possible application to the rules governing the right of appeal, and fixing the delay within which such right must be exercised.
A proper solution of the problem is afforded by a mere reference to *318 the definition of “ prescription,” in our Civil Code, and of “ appeal,” in the Code of Practice.
“ Prescription is a manner of acquiring the ownership of property, or discharging debts, by the effect of time, and under the conditions regulated by law.” C. C. Art. 3457.
“ An appeal is the act by which one of the parties to a suit has recourse to a superior tribunal, in order to have the judgment of an inferior court corrected.” C. P. Art. 564.
As will be readily seen, one is a rale of action prescribing one of the modes of acquiring property, or of discharging debts, the other is a rule of judicial procedure looking to the correction of an alleged judicial error. The only element in common between prescription and appeal is that of time ; in the former it is the essential element, in the latter it is only incidental, and intended only to regulate or limit the exercise of the act. As to prescription, the Code provides means of avoiding the effect of time, or of interrupting the acquisition of property, or the discharge of a debt by the effect of time.
But the Code of Practice contains no such jmovision touching the delay or time within which the right of appeal must be exercised. It provides peremptorily and absolutely, without exception, reservation or qualification, that “ the party against whom judgment has been rendered cannot appeal:” * * *

2. “ If he has suffered the time prescribed by law for appealing to elapse!

We are clear in our belief and in our conclusion, that such a plain, unambiguous rule of practice cannot be allowed to be clouded, and crippled, and rendered painfully uncertain, by attempting to assimilate its provisions to the rules of prescription, a distinct and foreign subject matter. Appellants have not been more fortunate in their elaborate reasoning to show that “ action,” as defined in our Code of Practice, is the same as “ appeal,” as defined in the same Code.
We are again assisted to a complete refutation of appellants’ argument on this point by a mere reference to the textual definition of an action, which is, “ the right given to every person to claim judicially what is due or belongs to him.” C. P. Art. 1.
It is clear that an appeal is a mere incident to an action, and not at all the same thing. The judgment is the result or consequence of the action, and the appeal is the mode of seeking to have the judgment of the inferior court corrected by the appellate tribunal. .
Hence time, as an essential element of prescription, in its effects on. actions, is not governed by the same rules in reference to the delay or time granted for appeals.
The correctness of our conclusions on this motion is fully sustained *319 by three decisions of this Court, in which it was distinctly held that the failure to bring up an appeal, within the time prescribed by law, was fatal to the appeal, and could not be cured by the laws of prescription. Griffing's Heirs vs. Bowman, 3 Rob. 115; Hall vs. Beggs, 17 A. 233; Knox vs. Duplantier, 21 A. 294.
We might have rested our present decision on the strength of these authorities, which we consider as both pointed and conclusive. But we note in appellants’ brief an effort to ignore these three opinions as unsatisfactory, for want of proper reasoning, and for that reason, to resist their weight under the rule of “ stare decisis.” Hence, we have thought it due to our jurisprudence to support the conclusions of our predecessors, by some reasons which struck us as forcible, although we fully recognize the difficulty of sustaining a self-evident proposition by logic and reasoning.
We are far, therefore, from feeling certain that we have in the least improved on our predecessors, or have been more successful in complying with appellants’ demand for “ more philosophical, better logical, mid sounder legal arguments, to convince them of the correctness of the principle announced.”
We do not understand, however, the mission of the judiciary, as implying the obligation to convince counsel of defeated litigants of the correctness of the reasoning of the Court, which seems to be expected by many advocates, as indicated by the style characterizing their applications for rehearing.
We have been taught that our duty was to adjudicate between the parties, under conscientious conclusions of law, as expounded in jurisprudence, after due consideration of the argument of counsel of both parties. To them, as we understand it, is the mission to enlighten and to convince the judicial mind.
Under the views which we entertain of this motion, we are compelled to sustain it.
It is therefore ordered, that the present appeal be dismissed at appellants’ costs.