### No. 12,033.

### IN THE MATTER OF THE PELICAN SAW-MILL AND MANUFACTURING COMPANY IN LIQUIDATION.

#### ON MOTION TO DISMISS.

An order of court approving and homologating, so far as not opposed, a tableau of distribution filed by the receiver of a corporation, is subject to be appealed from by a creditor of the corporation, even though he did not oppose the tableau in the District Court. The right of appeal is not cut off because other parties had filed oppositions covering all the items of the tableau.

Saw-mill and Manufacturing Co. in Liquidation.

ON THE MERITS.

A judgment approving an account rendered ten clear days after the first insertion
   of notice to creditors was not prematurely rendered.

As the account of the receiver was homologated without proof the judgment can
   not be maintained.

APPEAL from the Civil District Court for the Parish of Orleans.
Ellis, J.

Rice & Montgomery and Frank L. Richardson for Receiver,
Appellee.

Benjamin Rice Forman for F. P. Bankston and J. B. Pelloat, Cred-
itors, Appellants.

Submitted on motion to dismiss January 6, 1896.
Opinion on motion to dismiss handed down January 20, 1896.
Argued and submitted on merits March 13, 1896.
Opinion handed down March 23, 1896.

ON MOTION TO DISMISS.

The opinion of the court was delivered by
NICHOLLS, C. J.    J. H. O'Connor, receiver, filed in the District
Court a provisional account of his disbursements; prayed that the
same be advertised; that after due advertisement the account be
approved and homologated; and that he be authorized to distribute
the funds in his hands in accordance therewith.

F. P. Bankstone appears on the account as a creditor of the com-
pany as holder of two of the company's notes, one for one hun-
dred and twenty dollars, the other for two hundred and thirty-nine
dollars and sixty-four cents, and Peter Pelloat as a creditor as
holder of a note for two hundred and thirty-three dollars and
seventy-four cents.

The account, under orders of court, was duly advertised.

On November 27, 1895, the District Court ordered that the pro-
visional account be approved and homologated, so far as not opposed.

On December 5, F. P. Bankstone and J. P. Pelloat, alleging "that
they were aggrieved, and that there was error to their prejudice in
the final judgment homologating the provisional account; that they
are creditors of the insolvent corporation in liquidation, that accounts

are allowed on said account, which are not due," moved for and obtained an order for a suspensive appeal from the judgment of homologation.

The receiver has moved to dismiss the appeal on the grounds:

1. The judgment is interlocutory and not final.

2. The motion and order to homologate in so far as not opposed is an *ex parte* order having for its effect only the exclusion of oppositions being filed after the date of the order.

3. It appears by the record that all of the items of the account were opposed so that no final judgment was rendered and a trial was necessary before the account could be finally homologated.

4. Because appellants delayed to file any oppositions to said account within the legal delays; they have not filed any opposition since or attempted to do so, and they are aggrieved by the order to homologate.

5. Because it is not necessary to introduce proof of the validity of the account other than the affidavit of the accountant when there is no opposition thereto, which affidavit was on file herein, and in this cause appellant filed no opposition.

6. Appellant has not filed a full and complete transcript of the record of the lower court and has omitted the four oppositions filed.

We find an admission in the transcript to the effect that in obtaining the judgment homologating the account of the receiver so far as not opposed, no note of evidence was taken and no evidence was offered except the affidavit of the deputy clerk, Rankin, that the account had been advertised in English and French for ten days and four oppositions had been filed thereto.

The transcript was made out according to instructions received by the clerk from appellants' counsel. In respect to the last ground of dismissal, they say that they thought the oppositions filed were entirely immaterial on the appeal, and that they had in their instructions to the clerk followed Rule 1, par. 6, and omitting all immaterial matter, had brought up the appeal on an agreed statement of facts. That if the court thought a knowledge of the oppositions material, they asked for an order in the nature of a *certiorari* to bring up copies, or to grant appellants leave to do so and not dismiss the appeal if an error had been committed in that respect.

Appellants maintain that a judgment signed by the judge ordering the payment of fifteen thousand three hundred and thirty-three

dollars of the assets of an insolvent corporation is clearly a final judgment as to all persons who have not filed oppositions thereto before its rendition. They contend that, on application for the homologation of an account, proof is required in all cases as is required in confirming judgments by default. That on an appeal of this character, two questions usually arise: Was the judgment premature? Was it sustained by sufficient evidence?

Referring to the four oppositions which had been filed, they say that those who have opposed the account have control of their oppositions and they may at any time withdraw them.

We can not accede to the proposition that an order of court homologating a tableau of distribution presented by the administrator of a succession, or a receiver, as far as not opposed, is not appealable for the reason that it is merely an interlocutory, not a final decree. Appellee himself shows by authority that within a limited time, if the order be not appealed from, the funds would be paid out to the various creditors named in the account. This would or might lead to irreparable injury to other creditors. It is claimed that the effect of the decree is simply to close the door to further oppositions; but this very closing of the door may itself be wrongful and injurious. It might be that the account had not been duly and legally advertised, or that the account had been prematurely homologated. This would be an issue we think properly to be presented on appeal. There may be other issues of similar character, which we can not now anticipate. Appellee says that in this particular case there is no propriety or necessity for an appeal, as there are now pending undisposed of, four oppositions to the same account covering all the items of the account. The oppositions are not in the transcript, but appellants do not deny that they are of the character stated, and for the purposes of this motion we can assume that they are as appellee represents them to be.

Upon this assumption we do not think the appeal should fail. The fact that appellants might be still in time to join in these oppositions does not destroy the right of appeal. The fact that an existing legal right may be injudiciously or unnecessarily exercised does not authorize a court to declare the right non-existent. Byrne vs. Hooper *et als.*, 2 Rob. 229; Succession of Jerome, 21 An. 291; Succession of Rhea, 31 An. 323; Newman vs. Judge, 32 An. 207; Borde vs. Erskine *et al.*, 33 An. 873.

The penalty for such an exercise of a right would finally develop itself, but in a different manner. We do not feel at liberty to anticipate, on a motion to dismiss, the issues which the appellants propose to submit to us. On a trial of the merits we could announce certain issues as not having been properly brought up on appeal, and others as having no merit.

Should the present case be one where either improper issues or untenable issues be presented, appellee will suffer no injury by having our conclusion announced after a full presentation of the case.

## ON THE MERITS.

The opinion of the court was delivered by

BREAUX, J. The principal facts of this case were stated in deciding the motion presented by the appellee to dismiss the appeal.

It is in consequence only needful to state that the two points argued at the bar were:

1. The judgment of homologation was premature.

2. There is no evidence in support of the judgment.

The facts as to the first issue presented are: That notice of the filing of the account was advertised on the 16th, 20th and 25th of November. The judgment was rendered and signed on the 27th of that month.

As to the second point at issue, no note of evidence was taken and no evidence offered, save evidence of the fact that notice of the filing of the account had been advertised.

The receiver made oath to a statement of his account, of which the following is a copy:

" The receiver has on hand under process of collection the annexed list of claims, which on inquiry are reported as may possibly be collected. He has also on hand in the parish of St. Tammany, on the Tchefuncta river, a flatboat with a floating saw-mill upon it, and sunk in the river, of which there is a possibility of his realizing two thousand dollars. Also a large number of logs in the same parish; the most of them are sunk in the river, for which he is endeavoring to get one thousand dollars and is endeavoring to find a purchaser for them. An order of court has been obtained to appraise these effects; attachments have been issued at the suit of the creditors against these logs.

" Application has been made to the city for a reduction of taxes."

Recurring to the first point: the objection is that the required delays had not been given prior to homologating the account; that in counting the days neither the day when the citation is served nor the day when the delay expires are counted as counted here.

With reference to these delays a similar objection was urged in Font *et al.* vs. Gulf State Land and Improvement Company, 47 An. 272.

In that case the citation was served on the 9th of April and the default was taken on the 20th.

The court said: "We note the contention that the 20th is not to be counted, because it is claimed the delay expired on that day. If it did, it would not avail the defendant, not making the application till the 23d. The day the delay expired, in our view, was the 19th, the 20th was no portion of the delay." This view completely answers appellant's contention on this point.

The other ground: that there was no evidence taken prior to the homologation of the account is true, as before stated, in so far as relates. to the facts. The affidavit of the receiver of record, copied above, relates to property in his possession and to acts of administration without reference. to his account. The receiver does not swear to the correctness of this account in this *ex parte* affidavit which forms part of the account.

The presumption is that the receiver presented to the court an account he understood as being correct and presumably it is correct, although the affidavit is silent upon that subject.

But the presumption supporting the act of a receiver who is an officer of the court, *i. e.* the presumption *omnia rite*, will not itself sustain the correctness of a judgment dependent upon evidence for its validity.

In several decisions, notably in the case of Succession of Bellocq, 28 An. 155, it was decided that evidence sustaining an account should be introduced.

In other decisions, in view of the fact that evidence to sustain many items would cost more than the amount of the items themselves, the court abated the stringency of the rule requiring the proof of each, and the administrator or executor's account, upon limited showing, was admitted and approved. Succession of Bauman, 30 An. 1138, 1139.

We do not desire to express any dissent from this last cited

decision.   It is obvious, however, as an authority is would not support the conclusion that all evidence can be dispensed with in homologating an account.

If accounts can be thus homologated in so far as not opposed, they can be also homologated without further proof when no opposition is filed; this would be in direct conflict with several well considered cases.

The account should at least receive the sworn approval and support of the accountant as a basis for the judgment of approval.

We adhere to the authorities requiring some proof of the correctness of an account prior to its homologation as a whole, or in so far as not opposed.

In this case the legal maxim *constructio legis non facet injuriam* pertinently applies; the syndic or receiver, appellee, is not specially interested, and if interested his burdens are not greatly increased, as it requires no more ability and energy to defend against a number of oppositions or a few presenting substantially the same issue.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and annulled, and this case is remanded to the District Court for the trial of such issues as may be raised before the court.

Appellee to pay costs.