The opinion of the court on the motion to dismiss was delivered by
Blanchard, J.
Mrs. Bettie Allen, widow, a third person not a party to this suit, alleging herself to be aggrieved by the judgment rendered herein between the parties litigant, obtained an order of appeal therefrom.
The judgment in question awarded to Mrs. Nellie Houchins, one of the defendants, an interest to the extent of $6,363.64 in the proceeds of a policy of insurance for $10,000 on the life of Lorenzo B. Green, deceased, taken out in plaintiff company.
The correctness of this judgment in part the appellant disputes, averring injury to herself thereby, claiming that she is the beneficiary of an interest in the said policy of insurance, which said interest of hers the judgment, without legal sanction under the evidence adduced, awards (to Mrs. Houchins.
The latter, cited as appellee, moves to dismiss the appeal on various grounds.
The first is that the Mutual Life Insurance Company is not cited to answer the appeal, or otherwise made a party thereto.
An examination of the' petition of appeal shows that citation to all the parties to the suit, including the Mutual Life Insurance Company, was asked, and we find in the record a citation addressed to the Company, calling upon it to answer the appeal, which citation bears the sheriff’s return of service.
The remaining five grounds for the motion are as follows:—
2. “That none .of the rights claimed by appellant are adversely affected by the judgment of the court below”.
*1139 3. “That the appellant’s appeal raises issues which were not contested or passed upon in the court below, and which are entirely dehors the record of the case; that it would require new evidence, not heard by the lower court, to dispose of the issues raised and contentions made by the appellant; that the present record does not enable the court to ascertain the facts upon which appellant relies for the reversal of the judgment appealed from”.
4. “That appellant, a third person, was no party to the proceedings or judgment in the court below, the correctness of which latter can he tested only by facts pleaded and proved before its rendition; that the record as made up in the District Court does not disclose any interest of appellant herein, but, on the contrary, shows that she has no such interest; that nothing can be decided in her favor on this appeal.”
5. “That the judgment appealed from does not at all affect the interest of appellant, and does not form res judicata against her”.
6. “That the appellant has not shown in any manner that she has a pecuniary interest herein, in respect to which she has been aggrieved by the judgment of the lower court”.
Discussing together these several grounds assigned for dismissal, counsel for appellant contends that all of them are subject to the terms of C. P. 886, which requires that a motion to dismiss shall be filed within three days after the time allowed for appearance by the citation of appeal, and that since the motion in question was filed some ten days after the return day of appeal, it comes too late.
We cannot take this view. Denial of the right of appeal — -a motion to dismiss which strikes at the foundation of the right itself — is not one of those which, under the Code, must be filed within three days of •the time allowed the appellee for appearance and answer. If an appellant is without legal right to appeal, the denial thereof by motion to dismiss may he presented after the three days.
Eut the opposite of this equally applies the other way. If the grounds of the motion to dismiss, other than that alleging want of citation, do not strike at the right of appeal, then is the contention of appellant well taken and the motion comes too late. 18 La. Ann. 191; 12 La. Ann. 745 ; 32 La. Ann. 13; 7 N. S. 271.
It needs no argument to show that the last five grounds of the motion all negative the right to take this appeal.
Viewing them thus, they are confronted with Art. 571 of the Code of Practice which provides: “The right of appeal is given, not only to *1140 those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment”.
The appellant lias brought up this ease under this Article and complains she is aggrieved by the judgment rendered between the parties.
To enable her to show this, she must, it is true, establish that the judgment rendered was erroneous between the original parties to the suit, for a third person cannot be aggrieved by a right judgment between others, unless there was fraud and collusion on their part.
Herman vs. Smith, 7 N. S. 676.
But' she is entitled to avail herself of everything in the record affecting her rights, to .the end of showing that as between the parties the judgment is erroneous, and that if corrected as -to them, and a right judgment rendered, her rights will not be injuriously affected.
Griffing vs. Bowmar, 3 R. 113.
She cannot, of course, avail herself of anything not in the record.
The five grounds for dismissal quoted above clearly anticipate the issues presented by the appeal. This cannot be.
This court will not anticipate, on a motion to dismiss, the issues which the apellant (a third person) proposes to submit to it. • On trial of the merits of the appeal it may be that certain issues raised by the appellant cannot be adjudged from the record as brought up, or it may not appear that she has suffered such an injury from the judgment rendered as authorizes her to appeal. If so she will be the sufferer. Appeals are frequently dismissed, or their demands rejected, after hearing when it would be improper to dismiss them on motion in limine. Succession of Duffy, 50 La. Ann. 795; Brown vs. Land Co., 49 La. Ann. 1780; Saw Mill Manufacturing Co., 48 La. Ann. 715.
The merits, then, of this appeal are not to be considered on the motion to dismiss, and to go into the questions raised in the last five grounds of the motion would be to go into the merits of the appeal itself.
Indeed, the only question deemed now to be before the court is whether appellant is entitled to have the merits of her opposition to ■tie judgment rendered in the court below between the parties to the suit, hereafter considered.
She has this right.
Griffing vs. Bowmar, 3 R. 113; Pillot vs. Cooper, 7 La. Ann. 656; *1141 State ex rel. Sharp vs. Judge, 22 La. Ann. 176.
The test of the right of a third person to appeal is not that the judgment should operate as res judicata as regards such third person. To apply such a test would be to exclude all appeals by third persons, and to relegate to “innocuous desuetude” Art. 571 of the Code of Practice. Judgments can never operate as res judicata against persons not parties to the proceedings leading up to the same.
The true test is, rather, whether the third person asserts an interest in the res, or subject matter of the judgment. If so she has the right of appeal.
The motion to dismiss is denied.