LAND, J.
W. N. Grunew^ld, Raving purchased two certain squares of ground from •C. A. Denis, sued out a rule against the min- or heirs of Mrs. Ida R. G. Denis, widow in community of A. D. Denis, to show cause why judgment should not he rendered recognizing the mover as the lawful owner of said property, and declaring that said minors had no interest therein. On the trial of the rule it was proven by a counter letter executed at the time A. D. Denis acquired an ostensible title to the two squares, that he was acting for Charles A. Denis, who furnished the purchase price, the said A. D. Denis binding himself and heirs to transfer the property to said Charles A. Denis at any time. The truth of the recital contained in the said counter letter was also proven by oral testimony.
There was judgment making the rule absolute, and recognizing the mover as the owner of the said two squares, and declaring that the minor heirs of Mrs. Ida R. G. Denis have and had no interest in said property.
W. N. Grünewald also sued out a similar rule in said succession and against the same minors to quiet his title to another square of ground purchased by him from Hewes T. Gurley. The apparent title to this property also stood in the name of A. D. Denis, but he, by a counter letter executed shortly after his purchase and during the existence of the community between him and his wife, since deceased, acknowledged that the said square belonged to E. Randolph Gurley, who on the trial of the rule testified that he had transferred the property to Hewes T. Gurley, and had signed as a witness the act of sale from Hewes T. Gurley to W. N. Grünewald. A. D. Denis and E. Randolph Gurley both testified to the truth of the recitals contained in said counter letter.
There was judgment making the rule absolute as prayed for.
The Newcomb Realty Company, a third person, has appealed from both judgments, alleging that it is thereby aggrieved. It appears from the petition of the appellant presented to the district court and verified by affidavit that the appellant prior to the filing of said rules had contracted with William N. Grünewald for the purchase of eight squares, including the three in question, and that said rules were taken for the purpose of overcoming the objections to the titles to the said three squares of ground which had been made by and on behalf of and in the interest of the appellant.
The appellees have made no motion to dismiss the appeal; but counsel for the minors has suggested in oral argument that the appellant has no appealable interest in the judgments on the rules in question.
The appellant has an interest in the question of the validity of the titles to the three squares 'involved in the proceedings below, and could have intervened therein and appealed from the judgments. This question must be decided sooner or later between W. N. Grünewald and the Newcomb Realty Company, and we see no good reason for remitting these parties to another litigation when the question may be finally determined on this appeal.
On the merits we are of opinion that the judgments appealed from are correct.
Judgments affirmed, the Newcomb Realty Company, appellant, to pay costs of 'appeal.