**Succession of BIBBINS (METROPOLITAN LIFE INS. CO., Intervener).***

**No. 14808.**

Court of Appeal of Louisiana. Orleans.

Feb. 26, 1934.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant Metropolitan Life Ins. Co.

Chas. J. Mundy, of New Orleans, for appellee.

WESTERFIELD, Judge.

The Metropolitan Life Insurance Company paid to Lydia Harris, the succession representative of Albert Bibbins, the proceeds of two policies of life insurance amounting to $1,448.38. Thereafter, on October 25, 1933, Lydia Harris filed a final account of her administration of the succession in which it was made to appear that the only assets of the succession were the avails of the life insurance policies which it was proposed to distribute in two items, one to Charles J. Mundy, the attorney of the succession in the sum of $250, and the other, $1,142.14, to Lydia Harris on account of "premiums paid into the insurance company by executrix." The account was

homologated and the funds ordered distributed in accordance therewith in a judgment rendered on November 13, 1933, by the Honorable Robert L. Rivarde, judge of the Twenty-Third judicial district court for the parish of Jefferson. Within the legal delays for an appeal, the Metropolitan Life Insurance Company filed a petition of intervention and a motion for a suspensive and devolutive appeal and a proper appeal bond to support the appeal to this court.

The intervener criticizes the regularity of the proceedings leading up to the appointment of the administratrix upon numerous grounds, all of which have been considered by us in the matter entitled Succession of Bibbins, decided February 12, 1934 (152 So. 592), where we discussed the validity of the judgment of homologation under attack in this proceeding at the instances of Geo. D. Geddes Undertaking & Embalming Company, Limited, a creditor of the succession, and held that the entire proceedings in this succession, including the judgment of homologation, were null and void for the reasons stated in our opinion in that case.

The intervener complains that it inadvertently paid to Lydia Harris the avails of the insurance policies on the life of Albert Bibbins, and that it fears it may have to pay the money a second time because of the irregularities and illegalities in connection with Lydia Harris' appointment. The appellee contends that the appellant is without interest to complain of the judgment for the reason that, in making a voluntary payment to the succession's representative, it accepted and admitted her authority to receive it.

Upon the question of the degree of interest of the intervener, in order that it might support an appeal from the judgment complained of under article 390 of the Code of Practice, we are of opinion that the showing made is sufficient in view of the following authorities: State ex rel. Richard v. Judge of Parish Court of St. Charles, 28 La. Ann. 900; State ex rel. Sharp v. Judge of Sixth Dist. Court of Parish of Orleans, 22 La. Ann. 176; Griffing v. Bowmar, 3 Rob. 113; Pillot v. Cooper, 7 La. Ann. 656; Succession of Gurley, 120 La. 810, 45 So. 734.

In Mutual Life Ins. Co. v. Houchins, 52 La. Ann. 1137, 27 So. 657, it was held (syllabus): "The test of the right of a third person to appeal is not that the judgment should operate as res judicata as regards such person. The true test is rather whether the third person asserts an interest in the res or subject-matter of the judgment."

*For opinion refusing rehearing, see 153 So. 340.

■ However, since this appeal has been lodged in this court, the relief asked for herein, that is to say, the annulment of the judgment complained of, has been decreed by this court in the opinion handed down by us on February 12, 1934, in consequence of which the question of the validity of that judgment, the sole relief which the intervener herein seeks to obtain by this appeal, is now a moot one and does not present any further controversial points. Hollander v. Bailey, 148 La. 453, 87 So. 234; J. B. Levert Co., Ltd., v. John T. Moore Planting Co., 141 La. 522, 75 So. 228.

In view of the fact that we have held that this intervener had a right to prosecute an appeal from the judgment complained of, we believe that the costs of this appeal should be put upon the succession.

For the reasons assigned, it is ordered that the appeal herein be dismissed; the costs of the proceeding in this court to be paid by appellee.

Appeal dismissed.