## KEYS, MALTBY & Co. et al. *v.* J. C. RILEY et al.

Where property is under seizure at the suit of several attaching creditors, and judgment is rendered in favor of the plaintiff in the prior attachment, the others have a right of appeal from such judgment under Art. 571 of the Code of Practice, notwithstanding there had been no issue joined and no curator *ad hoc* appointed to represent the defendant in the subsequent attachment.

The prescription of one year, under Art. 3499 of the Civil Code, as to workmen, laborers and servants, only applies where the employment has been by the day or by the month ; it does not apply to claims for the value of work done by the job, and of materials furnished for such.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.

*Thomas Hunton*, for plaintiff and appellee.  *Mott & Frazer*, for appellants.

VOORHIES, J.   The steamer Dick Keys and barge Pythias were seized under a writ of attachment sued out by the plaintiffs, *Keys, Maltby & Co.*, against *John C. Riley*, *Frank Stein* and *Thomas Trunnell*.   Twenty-four other writs of attachment were subsequently sued out by other creditors against the defendants, and levied upon the same property.   There was, besides, a number of oppositions filed by other creditors in this suit, in which privileges on the property attached were claimed.   During the pendency of this suit the property attached was sold by the Sheriff, and the proceeds thereof ordered to be distributed in accordance to a judgment rendered by the court below.

*Alexander Norton & Co.*, *John E. Hyde & Co.*, *Edward Hollister* and *Wm. N. Nuvall* are the only appellants from that judgment.

The record shows that they sued out separate writs of attachment, which were levied on the property already attached by the plaintiffs.

A plea of prescription was filed by them as a bar to the plaintiffs' claim against the defendants.

It does not appear that issue was ever joined in any of the cases instituted by them against the defendants by attachment, either by answer or default, nor that a curator *ad hoc* was appointed to represent the defendants as absentees. This is urged as an objection to their right of appeal in this instance.

In their petition praying for the appeal, they allege that there is error to their prejudice in the judgment rendered in this and other cases in the distribution of the funds arising from the sale of the steamboat Dick Keys.

We think this is sufficient, under Article 571 of the Code of Practice, to entitle them to the right of appeal.

On the merits, the plaintiffs' demand against the defendants appears to us to be sufficiently sustained by the evidence.

The prescription interposed by the appellants as a bar to the plaintiffs' claim against the defendants, is, in our opinion, inapplicable.   It only applies to the wages of workmen, laborers and servants who are employed by the day or by the month, and not to claims for the value of work done by the job, and of materials furnished for such work, whether it be under a specific agreement, or on a *quantum meruit*.   C. C. 3499 ; 5 A. 571 ; 19 L. 413.

It is, therefore, ordered, that the judgment of the court below be affirmed, with costs.