BRIEN
v.
SARGENT.

---

THE STATE OF LOUISIANA *v.* THE JUDGE OF SECOND DISTRICT COURT.

An appeal will not be granted to a third person not party to the suit, who claims a superior privilege on a fund ordered by the judgment to be distributed, where it is apparent that new evidence would be necessary to establish that the judgment appealed from was erroneous.

ON a *mandamus* to the *Hon. P. H. Morgan*, Judge of the Second District Court. *Whittaker & Fellowes, Charvet & Drouet*, and *J. M. Meunier*, for relator.

MERRICK, C. J.  It is apparent from the petition of the relator and the brief of counsel, that they do not complain that the judgment from which they seek to appeal was erroneous on the facts then before the court, or that this court would not be obliged to render the same judgment on those facts.  The object of the relator is to introduce other evidence and to prove, by testimony which she will introduce, that she has a privilege superior to *all* the parties in that suit, and that the judgment should be reversed as to plaintiff and defendant, and intervenors and she herself be decreed to have a privilege superior to them all.  After reciting the judgment in the case of *Wilkinson* v. *The Towboat Persian*, which had been rendered, she avers "that as soon as the proceedings had herein came to her knowledge, having a direct interest in the proceeds of said towboat, as likewise the other parties, (consent having been first obtained,) intervened in said suit and took a rule together with the other intervenors in her said suit, upon the several parties in the suit of *J. B. Wilkinson* v. *Towboat Persian, Captain and Owners*, to show cause why a suspensive appeal should not be granted from the judgment distributing *all* the funds, she offering in evidence the two records for the purpose of showing the priority of her seizure under mesne process, the nature of the claims in controversy and the returns of the Sheriff."  In another place in her petition relator shows "that by said final judgment, the whole proceeds of the towboat Persian have been distributed without regard to the rights of this opponent and others, all privilege creditors of the highest class."

Relator's counsel in their brief say "that the judgment now sought to be appealed from should be re-opened, at least so far as it distributes the fund, and when that is done, the fund can be properly distributed in the suit having the first seizure, viz, *Lombard* v. *Limbert*, and to which suit we are parties."

It is thus manifest that the relator does not ask for an appeal for the purpose of having the judgment of the lower court reviewed by us on the facts

of that case alone, the only manner in which it can be examined, but she desires to show by other proof that her seizure was the oldest, and that her privilege outranks those in that case. As this cannot be done, and as her remedy is manifestly that of third opposition, we do not think that we should do the vain thing to order an appeal to be allowed, particularly as the relator neglected to make proof before the District Judge of her interest in the judgment appealed from. *Lex neminem cogit ad vana.* See case of *Dufau* v. *Duflechier's syndic*, 3 L. R. 305. In this case, the Supreme Court says: "Where no objection is made to the capacity of the third party as appellant, but he wishes new evidence to establish that the judgment appealed from must be reversed, we are without authority to assist him, the correctness of the judgment appealed from being to be tested by facts pleaded and proved before its rendition."

See also the case of *Herman* v. *Smith*, 7 N. S. 677 and 8 Rob. 116. The cases cited by the counsel for the relator are not in conflict with the doctrine of these cases.

It is, therefore, ordered, that the rule be discharged, at the costs of the relator.

BUCHANAN, J., dissenting. In my opinion the relator has made a sufficient showing to justify her application for an appeal from the judgment of the District Court, distributing the proceeds of the towboat Persian.

"The right of appeal is given, not only to those who were parties to a cause in which a judgment has been rendered against them, but also to third persons not parties to that suit, when such third persons allege that they have been aggrieved by the judgment." C. P. 571.

"Whenever a conflict of privileges arises between creditors * * * * * the court shall proceed to class the privileges and mortgages according to their rank and privilege in a summary manner, *after notifying the parties interested.*" Acts of 1855, p. 497, sec. 37.

By the terms of this Act of 1855, notice is to be given of a distribution of a fund seized by several parties claiming privileges, not only if the several seizures are in the same court, as in the case at bar, but even if some of the seizures are in other courts.

The relator has taken all the steps necessary to secure her rights, and sees the fund upon which she claims a privilege distributed without any notice given to her. This is a direct violation of the law of 1855, and there is a manifest probability of her rights being irretrievably lost, unless an appeal is allowed her.

VOORHIES, J., concurred in this opinion.