STATE *ex relatione* FRANCIS L. MEAD *v.* HON. J. K. BELDEN, Judge of the Third Judicial District.

One, whether a party or stranger to the cause, may appeal from a final judgment, if he allege that he is aggrieved thereby; and, from an interlocutory judgment, when such judgment may cause him an irreparable injury; provided the amount or value in dispute is sufficient, and the party is not debarred by his own act from taking an appeal.

APPEAL from the Third Judicial District Court of the Parish of Terrebonne. *Belden*, J.

*H. A. Gallup* for *Mead*, Relator.

HOWELL, J. The relator alleges that, in the matter of the succession of Mrs. Celeste Tanner, deceased, opened in the parish of Terrebonne, at the suit of *E. W. Blake* v. *Winchester Hall*, a judgment was rendered on 21st September, 1865, removing said Hall as administrator of said estate, and appointing two of the beneficiary heirs, Mrs. R. D. Jordan and Franklin Tanner, co-administrators thereof, upon complying with the requisites of the law, said heirs having intervened in said proceedings; from which judgment said Hall has appealed ; that, on the 17th October following, he (the relator) and other creditors, whose aggregate claims amount to about $80,000, upon written motion, suggested to the court that the said co-administrators had suffered more than ten days to elapse after their appointment, without having either qualified or caused an inventory to be begun, and moved the court to forthwith, and *ex officio*, appoint a successor in office, as if no such officers had been appointed; that, on the trial of said motion, on the 20th October, concurrently with one previously made to have the said Mrs. R. D. Jordan and Franklin Tanner appointed provisional administrators, the court overruled his motion, and ordered that the said Mrs. Jordan and F. Tanner be allowed to qualify as provisional administrators, and granted them a delay of thirty days for that purpose; from which judgment he prayed for an appeal, on the ground that it was "contrary to the law and the evidence ; that he was seriously aggrieved thereby, and would suffer irreparable injury therefrom, especially in allowing the appointees, B. F. Tanner and Mrs. R. D. Jordan, thirty days within which to qualify as provisional administrators, at the same time tendering a bond in such amount as the court might fix," which was refused; and he now prays for a writ of *mandamus* to compel the said judge to grant him an appeal.

To which the District Judge answers that the appeal taken by the said Hall, having prevented the said appointees from acting, and the succession being without a representative, and suffering thereby, it was necessary to appoint them provisionally, pending the appeal; that thirty days were allowed as a reasonable and necessary time, within which to take an inventory of such a large estate and for the administrators to qualify and give bond; which delay could not, in his opinion, cause the relator any injury, as he would be amply protected by the required bond ; and that the appointment of Hall, as desired by the relator in his motion, was in conflict with the action of the court in the proceedings now on appeal.

By law, one, whether a party or stranger to the cause, may appeal from a final judgment, if he allege that he is aggrieved thereby, and from an interlocutory judgment, when such judgment may cause him an irreparable injury, provided the amount or value in dispute is sufficient and the party is not debarred by his own act from taking an appeal. C. P. Arts. 565, 566, 567, 570 and 571.

Without deciding whether or not the judgment complained of in this instance is final, or merely interlocutory, we think that, as the estate is a large one, subject to waste, and apparently much involved, the relator, who is a creditor to a large amount, may suffer an irreparable injury in consequence of the unusual delay of which he complains, and especially so, should the persons, appointed provisional administrators, as alleged, fail to qualify within the time allowed. We are the more disposed to grant the application, from the consideration that an appeal will not interfere with the administration that may be conducted during its pendency.

It is therefore ordered that the rule be made absolute, at the costs of the defendant herein, and that a peremptory writ of *mandamus* issue in the name of the State of Louisiana, addressed to the Hon. James K. Belden, Judge of the Third Judicial District of Louisiana, directing him to grant an appeal to the relator, Francis L. Mead, as prayed for by him, from a judgment rendered on the 20th October, 1865, in a proceeding had on the suit of *E. W. Blake* v. *W. Hall*, No. 2568 on docket of the District Court for the parish of Terrebonne.