No. 2485.—THE STATE, ex rel. WM. S. MOUNT et al., *v.* THE JUDGE OF THE SIXTH DISTRICT COURT OF NEW ORLEANS.

The jurisdiction of the appellate court attaches as soon as the bond is filed, and citation of appeal is issued.

The jurisdiction of the District Court ceases at the moment the appellate jurisdiction attaches, and any order made or proceeding had by the District Judge, after his jurisdiction has ceased, is null.

From the moment the appellate jurisdiction attaches, a writ of prohibition will issue restraining the District Judge from further proceeding in the cause pending the appeal.

APPLICATION for Writ of Prohibition.—Parish of Orleans.
*J. R. Beckwith,* City Attorney, for relator. *W. H. Cooley,* Judge.

TALIAFERRO, J. The Judge of the Sixth District Court of New Orleans having, on the relation of C. M. Frost, issued a writ of mandamus against William S. Mount, Treasurer of the city of New Orleans, ordering him to pay Frost a sum of money, and the order being made absolute, the defendant, Mount, and the City of New Orleans, applied for and obtained suspensive appeals, which afterwards, upon a rule taken upon them by the relator, Frost, were set aside. The defendants thereupon applied to this court for a writ of prohibition, and a rule *nisi* being granted, the judge responded in a written argument, in which he maintains the following propositions:

That the court *a qua* does not lose its jurisdiction simply by granting an appeal. That it loses its jurisdiction at the same moment that that of the appellate court attaches. That article 901 of the Code of Practice teaches that the jurisdiction of the appellate tribunal attaches only by the happening of one or the other of two conditions, viz: First. Citation of appeal. Second. Transmission of the record. He further shows that article 583 of the Code of Practice requires that the

appellee shall be cited, and that article 595 is express that until citation the appeal obtained may be dismissed at the instance of the appellant, by motion in the District Court. He refers to 3 R. p. 42; to 2 An. 484, and to 11 An. 614; also, to Hennen's Digest, volume 1, p. 72, title VII., section 3.

The judge next takes the ground that the party appealing in this case has no right to an appeal, and cites the decisions of this court in the case of Metropolitan Police Board, and the case ex rel. Belden. Attorney General, *v.* Markey, Kaiser et al., in which it was ruled that a proceeding by mandamus is not a money judgment, and that under this process the appellant must show a money interest to entitle him to appeal. He infers from the position of Mount, the City Treasurer, that he has no moneyed interest in the judgment, and, under the decisions cited, not entitled to an appeal.

In the case cited in 3 R. 42, the appellant applied for a suspensive appeal *after* the expiration of the ten days within which he could, by law, take a suspensive appeal. The order of appeal was granted, and a bond given to cover costs only. No bond, then, such as the law required, was given; no transcript had left the clerk's office, and the case was within the jurisdiction of the probate court. The judgment of the appellate court, in that case, seems to rest upon the more substantial defect of there being no bond than upon the manifest error or inadvertence of the judge in granting the suspensive appeal.

The case in 2 An. p. 484, presents an instance in which two appeals were granted, and a transcript sent up in each. In the appeal first taken all the parties were not cited, and on that ground a second appeal was granted, and all the parties were cited. The first appeal was dismissed by consent of parties. The court say it was irregularly taken, and that the inferior court had not lost jurisdiction, and could render a second order. The " irregularity" consisted in nothing that appears in the report of the case, except in the fatal defect of want of citation.

The third case cited is that in 11 An. 614. There two orders of appeal were granted. It was admitted that the appellee was not cited under the first order of appeal. The court said: " As the statement of facts is silent upon that point, we will presume that the appellant obtained leave from the lower court to withdraw his first appeal," and decided that under article 595 of the Code of Practice, the appellant could renew his appeal.

The cases enumerated in 1 Hennen's Digest, p. 73, sec. 3, to which we are directed, announce " that as a general rule, the jurisdiction of the appellate court attaches as soon as the appeal bond is filed and the citation issued; and the lower court has no longer authority to take any steps, but such as may be necessary to transmit the record to the Supreme Court, or by a provisional and conservatory order to secure the ultimate execution of the appellate judgment."

The articles 901, 583 and 595 C. P., sustain these positions taken by the respondent: That the jurisdiction of the appellate court only attaches when there has been citation of appeal, or transmission of the record; that the appellee must be cited, and that until citation the appeal may be dismissed at the instance of the appellant by motion in the District Court.

We have carefully considered the argument, and all the authorities relied upon by the respondent, and are unable to find that they are applicable to the state of facts presented in the record before this court. The appeal was taken in open court, upon motion of the appellant, and that dispensed with service of citation. We find at the end of the order of appeal granted by motion in open court, according to the amendment to article 575 C. P., the following words: " and that all parties to this proceeding be notified thereof." This must be regarded as mere surplusage. No service of citation was necessary, as would have been required had the appellant proceeded by petition, and not by motion in open court.

There was then citation, and in this respect one of the conditions stated by respondent was fulfilled. The required bond of appeal was filed in court the same day and accepted. No exception was taken to the bond in any particular. Then, there being citation and a bond on the same day, the numerous cases we have been referred to in 1 Hennen, under section 3, title VII., page 73, lay down that " as a general rule, the jurisdiction of the appellate court attaches as soon as the appeal bond is filed and the citation issued." Then it follows that this general rule applies to the case under consideration, unless it can be shown that it comes under an exception, and this is not shown. If the jurisdiction of this court attached at the time of citation and the filing of the bond, the lower court was divested of jurisdiction at that moment, and its subsequent order dismissing the appeal was null. It is unnecessary to consider the ground set up by respondent that the relator is not in this case entitled to an appeal; being divested of jurisdiction, that was no matter for the action of the lower court.

It is therefore ordered that the writ of prohibition granted in this case be made peremptory.

Chief Justice Ludeling and Justice Wyly absent.