## No. 1086.

### W. A. GUILBEAU vs. EMILE DÉTIÈGE.

A late sheriff, still acting until his successor is qualified, has not, in that capacity, such a legally pecuniary interest in the suit of contestants for the office, as to entitle him to the right of Appeal from the judgment therein rendered.

APPEAL from the Twenty-First Judicial District Court, parish of St. Martin. *Fontelieu, J.*

---

C. H. Mouton and R. S. Perry for Plaintiff and Appellee:

First—The court will of its own motion dismiss an appeal for want of pecuniary interest in the appellant. 28 A. pp. 89 and 90.

Second—The interest which entitles a party to an appeal must be a real existing interest *in a particular cause*, and not a conjectural one, contingent on the happening of an uncertain event. The State *ex rel.* A. Agusti vs. J. D. Houston, sheriff, 30 A. 1174; Arrowsmith vs. Rappelge et al. 19 A. 327.

Edward Simon for the Ex-Sheriff, Appellant.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. At the December election of 1879, W. A. Guilbeau and Emile Détiège were competing candidates for the office of Sheriff of the parish of St. Martin, and Détiège was returned as elected. Whereupon Guilbeau instituted suit, contesting the validity of his opponent's election on various grounds of nullity, all of which were subsequently abandoned, and on the following:

That on the day of said election, the commissioners illegally removed the polling place of the 3d ward from the premises of Edouard Guidry, where it had been fixed according to law by ordinance of the police jury, to Mrs. Cornelius Voorhies' plantation, at a considerable distance from the designated premises, thus invalidating the returns from such ward, which should be thrown out, by which operation plaintiff would be shown to have received the majority of the votes legally cast and returned for sheriff.

The case was tried by a jury, who found is favor of plaintiff Guilbeau, on which verdict judgment of the court was rendered in his favor, decreeing him to have been legally elected sheriff of the parish of St. Martin.

Defendant has not appealed, but an appeal from said judgment has been taken by Charles Guérinière, Jr., the late sheriff of that parish, and now acting as such until his successor is duly qualified. In his petition for appeal, supported by affidavit, he alleges that he has a pecuniary interest in this suit, and complaining of irregularities in the trial of the case in the lower court, he asks to be allowed to prosecute his appeal as a third party in interest.

Plaintiff and appellee moves to dismiss this appeal on the following grounds :

First.  Because appellant has no pecuniary interest in the judgment appealed from, as he has set up no adverse claim to the office in contestation.

Second.  Because appellant's term of office as sheriff having expired, he must make way for his successor, and it is immaterial to him who that successor is or may be.

Third.  Because one not a party to a suit cannot appeal from the judgment therein rendered, unless he has a real, existing, direct pecuniary interest in that particular suit, or a right to the thing or object forming the subject matter of said suit.  No imaginary or conjectural interest is sufficient to maintain an appeal.

Fourth.  Because the appeal was not made returnable ten days from the date of the judgment appealed from.

Fifth.  For want of citation of appeal on the defendant Détiège.

Sixth.  Because appellant in his petition of appeal prays for no judgment that can be rendered.

The question raised by this appeal is purely elementary, and offers no difficulty for its speedy solution.

The rule of law which grants to a third party the right of appeal from a judgment rendered in a suit to which he was not a party, requires him to *allege* and *show* a direct pecuniary interest in the controversy ; he must be interested in the defeat of either plaintiff or defendant, or of

Guilbeau vs. Detiege.

both ; he must show such an interest as would justify him in law to intervene in the suit before trial and judgment.

Testing appellant's position under this simple rule, we are at a loss to see or conceive the remotest pecuniary interest which he may have in the contest between plaintiff and defendant.

This suit is to determine who shall be his successor to the office which he holds *ad interim,* until he is replaced in due course of law. If the judgment appealed from is affirmed, the result is that plaintiff becomes sheriff to the exclusion of appellant. If on the other hand the judgment should be reversed, the consequence would ·be the induction into office of the defendant Détiège, or, in default of him, of the Governor's appointee. The defeat of both would create a vacancy to be filled by appointment by the Governor. In no possible emergency could appellant derive any advantage, pecuniary or otherwise, from the definitive judgment which could be rendered on this appeal.

In point of fact or of law, his only possible advantage is in procrastination, or in the prolongation of this controversy, pending which he performs the duties and receives the emoluments of the office of sheriff ; such a precarious interest cannot be entertained as conferring the right of appeal on a third party.

Feeling, doubtless, the sharp edges of the dilemma on which he is placed, appellant fails to inform us of the grievances caused him by the judgment, and to suggest what judgment we should render, so as to redress his grievances.

He is not interested either in the success of plaintiff or of defendant or in the defeat of both, and between the two he seems to occupy the delectable position of indifference of the ancient matron whose recreant husband was engaged in a deadly conflict with a ferocious bear. His position is clearly defined by the following terse language in plaintiff's brief :

The only interest Charles Guérinière, Jr., has, consists in preventing both Guilbeau and Détiège, or either of them, from qualifying as sheriff, to continue to receive the fees and emoluments of the office, *as acting sheriff,* during an indefinite period. This is not an interest in this suit, but an interest to disturb the working of the State government.

We are clear that appellant has no real personal pecuniary interest in this suit ; that his interest, if he has any, is flimsy, contingent, conjectural, and not sufficiently tangible to be adjudicated upon, and that his appeal is a persistent effort to cling to office. 19 A. 328 ; 21 A. 743 ; 27 A. 90.

It is therefore ordered that the appeal herein taken by Charles Guérinière, Jr., be dismissed at his costs.