(73 South. 308.)

No. 22245.

CITIZENS' BANK OF COLUMBIA v. BEL-
LAMY LUMBER CO. (WHEELAND
CO., Intervener.)

(Nov. 13, 1916. Rehearing Denied Dec. 11,
1916.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ☞361(2)—INTEREST—
RIGHT TO PERFECT.

It is incumbent upon an appellant, appealing
from a judgment or order rendered in proceed-
ings to which he was not a party, to disclose, in
his petition for the appeal, that he is aggrieved
by the judgment or order complained of, and
that a reversal of the judgment would be of ad-
vantage to him.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1943, 1948; Dec. Dig. ☞
361(2).]

2. APPEAL AND ERROR ☞437—TAKING OF
APPEAL—DEVOLUTIVE APPEAL.

The taking of a devolutive appeal implies
the right to have the judgment or order appealed
from executed pending the appeal. The validity
of a sale made by a sheriff by virtue of a writ
of seizure and sale in executory proceedings,
issued by a court of competent jurisdiction, can-
not be affected by a reversal of the order of sei-
zure and sale on a devolutive appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2193–2195; Dec. Dig. ☞
437.]

3. APPEAL AND ERROR ☞361(4)—PERFECTION
OF APPEAL—INTEREST—PETITION.

One who alleges, in his petition for a devolu-
tive appeal from an order of seizure and sale
granted in executory proceedings to which the
appellant was not a party, merely that he had
a vendor's lien on certain machinery which the
owner of the mortgaged land had placed upon
it for its service and improvement, and which
was sold, confusedly with the land, under the
writ of seizure and sale in the executory pro-
ceedings, does not disclose that he has an interest
in prosecuting the devolutive appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1942, 1950; Dec. Dig. ☞
361(4); Reference, Cent. Dig. § 217.]

Appeal from Twenty-Sixth Judicial Dis-
trict Court, Parish of Washington; Prentiss
B. Carter, Judge.

Action by the Citizens' Bank of Columbia
against the Bellamy Lumber Company, in
which the Wheeland Company intervened.

From the judgment, the intervener procured
a devolutive appeal. Appeal dismissed.

Foster, Milling, Saal & Milling, of New Or-
leans, for appellant. Benj. M. Miller, of Cov-
ington, for appellee.

O'NIELL, J. The Citizens' Bank of Colum-
bia, Miss., instituted executory proceedings
against the Bellamy Lumber Company for the
foreclosure of a mortgage on certain property
in Washington parish, securing the payment
of a promissory note executed by the lumber
company for $10,000. The mortgage bore
upon several tracts of timber land and the
improvements thereon or thereto belonging,
including, expressly, a circular sawmill com-
plete, consisting of a Wheeland edger, car-
riage, live rolls, cut-off rig, nigger, steam feed,
log stop and roller, engines, boilers, tools,
furniture, belting, etc., all of which was de-
clared in the act of mortgage to be part and
parcel of the land for the purposes of the
act of mortgage, which also expressly includ-
ed all other shaftings, tools, connections, and
machinery of any kind whatever situated up-
on the land described in the act of mortgage
or used in connection with the mill. The
mortgage was granted by C. E. Bellamy, as
president and general manager of the Bell-
amy Lumber Company, and it was recited in
the act of mortgage that he was duly author-
ized by the by-laws of the corporation, al-
though it does not appear that a copy of the
by-laws was annexed to or filed with the peti-
tion for the order of seizure and sale. The
act of mortgage was granted in the presence
of a notary public and two witnesses, and
contains a confession of judgment, the pact
de non alienando, and a waiver of the benefit
of appraisement. The order of seizure and
sale was granted on the 21st of December,
1915; and it appears from the sheriff's re-
turn on the writ of seizure and sale that,
after service of the notice to pay, and when

the legal delays had expired, the property described in the act of mortgage was seized, and, after service of a notice of seizure upon the defendant and after proper advertisement, the property was offered for sale at public auction and was adjudicated to the plaintiff, the Citizens' Bank of Columbia, the last and highest bidder, on the 12th of February, 1916, at the price of $2,000. Deducting $280.07, costs of the proceedings, the balance of $1,719.93, of the proceeds of the sale, was credited to the defendant in part satisfaction of the writ of seizure and sale. On the 7th of September, 1916, the Wheeland Company filed a petition in the district court for the parish of Washington, alleging that the petitioner was aggrieved and prejudiced by the order of seizure and sale dated the 21st of December, 1915, and obtained an order for this devolutive appeal from the order of seizure and sale. In the petition for the appeal, it was alleged that the petitioner had sold to the Bellamy Lumber Company, on the 15th of January, 1915, certain machinery, consisting of a certain Acme carriage, an edger, three counter shafts, a sawdust conveyor, and a log loader shaft, all with pulleys and fittings complete, as described in the petition for the appeal. It was alleged that the sale of the machinery was reduced to writing and recorded in the mortgage records of the parish of Washington, on the 29th of March, 1915; that a part of the price of the machinery was paid in cash; and that the balance was represented by a promissory note for $732.11, due August 1, 1915, and by another note for $670.11, due December 1, 1915, the notes being subject to a credit of $132.11 of date the 16th of September, 1915, and a credit of $150.00, of date the 17th of November, 1915. It was alleged that the petitioner had reserved the vendor's lien, as well as any other liens and privileges granted by the laws of the state of Louisiana to material-men, in the act of sale of the machinery described in the petition; that the machinery was placed in the sawmill of the Bellamy Lumber Company; and that thereafter the lumber company had pretended to execute a mortgage in favor of the Citizens' Bank of Columbia, Miss., upon the said property, the mortgage being dated the 21st of September, 1915, to secure the payment of a note of $10,000, the validity of the mortgage, however, not being recognized by the petitioner for the appeal. The mortgage referred to in the petition for appeal is that on which the order of seizure and sale appealed from had issued, and that fact is also alleged in the petition for the appeal. It was alleged in the petition for appeal that the order for the executory process was illegal, null, void, and of no effect, and was prejudicial to the petitioner, the Wheeland Company, and that the company was aggrieved thereby, in that the order authorized the seizure of the said property, a portion of which had been sold by the petitioner and upon which the petitioner's vendor's lien and privilege rested.

The Citizens' Bank of Columbia has filed a motion to dismiss the appeal, on the following grounds, viz.: (1) That it appears from the petition for the appeal and from the record filed herein that the order of seizure and sale appealed from was regular and legal and was granted on sufficient authentic evidence; (2) that the petition for appeal does not show or allege that the appellant had a right to appeal or any interest in appealing from the order of seizure and sale; and (3) that it appears from the allegations of the petition for appeal that the appellant had an adequate remedy in the district court to enjoin the executory proceedings or to have the alleged debt due to the appellant paid by preference out of the proceeds of the property seized and sold in the executory proceedings.

The first ground urged in the motion to dismiss the appeal presents the only question to be decided on an appeal from an order of seizure and sale; that is, whether there was sufficient authentic evidence to authorize the granting of the order of seizure and sale. The third ground urged for the dismissal of the appeal, that is, that the appellant's only remedy was to enjoin the seizure or to file a third *opposition* and demand recognition of the vendor's lien and payment by preference from the proceeds of the sale of the machinery in the executory proceedings, appears to us to be merely illustrative of the second ground urged for the dismissal of the appeal, that is, that the appellant has no interest in prosecuting this appeal. In determining whether an appeal should be dismissed on motion of the appellee we cannot decide or consider questions that properly belong to the merits of the case. Baker v. Frellsen, 32 La. Ann. 822; Succession of Baumgarden, 35 La. Ann. 676; Pasley v. McConnell, 39 La. Ann. 1097, 3 South. 484, 485; Dreyfus v. American Bonding Co., 136 La. 491, 67 South. 342; Board of School Directors of Caldwell Parish v. J. J. Meridith, 72 South. 960,[1] No. 22,147; Mrs. Josephine Pons Ruiz et al. v. Mrs. Marion N. Pons, No. 22,-189, 74 South. 713, 141 La. ——; Marcus Tullius Murphy v. Junius A. Murphy et al., No. 22,075 (not yet reported).

[2] If the question whether the appellant has an interest in prosecuting this appeal depended upon whether the order of seizure and sale appealed from should be affirmed or reversed on the appeal, the question could not be decided or considered on a motion to dismiss the appeal. But we are of the opinion that the appellant in this case has no interest in prosecuting the appeal, because it would be of no advantage whatever to the appellant if we should reverse the judgment or order appealed from. The only ques-

tion presented for decision by an appeal from an order of seizure and sale in executory proceedings is whether there was sufficient authentic evidence before the district court to authorize the issuance of the order of seizure and sale. The situation is the same as in an appeal from a judgment rendered in an ordinary proceeding, in which the only question presented is whether the evidence adduced authorized the judgment rendered on the law applicable to the case. The validity of a sale made by the sheriff by virtue of a writ of fieri facias, in satisfaction of a judgment, or by virtue of a writ of seizure and sale in executory proceedings, of a court having jurisdiction, cannot be affected by a reversal of the judgment or order on a devolutive appeal. On the contrary, the taking of a devolutive appeal implies the right to have the judgment or order appealed from executed and the obligation to refund. See Yale v. Howard, 24 La. Ann. 459; Factors' & Traders' Ins. Co. v. New Harbor Protection Co. et al., 37 La. Ann. 234; and Louisiana Land & Immigration Co. et al. v. Murff et al., 139 La. 808, 72 South. 284.

[3] It is plain therefore that the appellant cannot, by this appeal, annul or set aside the sale of the property sold by the sheriff under the order of seizure and sale appealed from. If the appellant has a remedy for the enforcement of the vendor's lien on the machinery that was sold under the order of seizure and sale in this case, it must be by an hypothecary action. It is not contended by the appellant that the machinery affected by the vendor's lien did not become a part of the mortgaged property, under the provision of article 468 of the Revised Civil Code that things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination. Nor is it disputed that, under article 3227, R. C. C., the vendor's lien on the machinery existed only so long as the machinery

---

[1]Ante, p. 269.

remained in the possession of the original purchaser, the Bellamy Lumber Company. The next following article (3228) of the Civil Code provides that, if the vendor allows the things affected by his lien to be sold confusedly with other things belonging to the purchaser, without asserting his claim, he shall lose the privilege, because of the impossibility of ascertaining the price they brought. See Payne et al. v. Buford et al., 106 La. 83, 30 South. 263, citing numerous decisions of this court.

[1] When an appeal is taken by one who was not a party to the proceedings in which the judgment or order appealed from was rendered, he must allege and show how he is aggrieved by the judgment or order appealed from. Bland et al. v. Edwards, 52 La. Ann. 822, 27 South. 289; Louisiana Mutual Ins. Co. v. Antonio Costa, 32 La. Ann. 1, citing Succession of Henderson, 2 Rob. 391, and State ex rel. Bonnet v. Judge, 29 La. Ann. 397. See, also, State ex rel. Belden, Attorney General, v. Markey, Kaiser, et al., 21 La. Ann. 743, citing Code of Practice, art. 571, and Young v. Cenas, 1 Mart. (N. S.) 308, Williams v. Trepagnier, 4 Mart. (N. S.) 342, Bargebur v. His Creditors, 4 Mart. (N. S.) 622, and Succession of Henderson, 2 Rob. 391. See, also, State v. Judge of Second District Court, 13 La. Ann. 199; Arrowsmith v. Rappelge et al., 19 La. Ann. 327; State ex rel. Mount v. Judge, 22 La. Ann. 38; State ex rel. Attorney General v. Wharton, 25 La. Ann. 17 and 26; State ex rel. Blackemore, Wooldridge & Co. v. Graham, Auditor, 25 La. Ann. 625; Block, Britton & Co. v. Barton, Miller Co., 27 La. Ann. 89; Gilbo v. Detiege, 32 La. Ann. 911.

The doctrine of the cases cited is that the mere allegation of an appellant, who was not a party to the suit in which the judgment appealed from was rendered, that he is aggrieved by the judgment, is not enough to give him the right to appeal; that it is incumbent upon such third party to disclose in his petition for the appeal that he was in fact aggrieved by the judgment. It is true the decree in one of the cases cited, Insurance Co. v. Costa, supra, was reversed on rehearing, but not on the ground that the doctrine stated was erroneous.

In support of their contention that the mere allegation of an appellant, appealing from a judgment rendered in a suit to which he was not a party, that he is aggrieved by the judgment, is sufficient to give him the right to appeal, appellant's counsel cite the following decisions, viz.: State ex rel. Mead v. Belden, Judge, 17 La. Ann. 320; State ex rel. Pecot et al. v. Parish Judge, 27 La. Ann. 184; and State ex rel. Bonnet v. Judge, 29 La. Ann. 397. Our opinion is that the decisions do not support the contention. In State ex rel. Mead v. Belden, Judge, the relator, whose right of appeal was recognized, was a party to the proceeding in which the judgment appealed from was rendered; and his petition disclosed in what manner he was aggrieved by the judgment. In State ex rel. Mrs. Pecot et al. v. Parish Judge, the relators, whose right of appeal was recognized, attempted to intervene in the suit in the parish court; but the judge of that court refused to permit the intervention. This court said that the only reason why relators were not parties to the suit was because the judge erroneously refused to allow them to intervene, and that, under such circumstances, their petition for an appeal disclosed a right to appeal. The decision in State ex rel. Bonnet v. Judge is entirely against the contention of the learned counsel for the appellant in this case. There, it was said that a third person, not a party to the suit, might appeal from the judgment rendered, provided he proved, or it appeared from the record, that he had a pecuniary interest in the suit and was aggrieved by the judgment. It was held that, when the parties to the suit de-

nied the allegation in the petition for appeal that the third party attempting to appeal was aggrieved by the judgment, it was incumbent upon him to prove that he had an interest in prosecuting the appeal.

In support of their contention that the mere fact that the appellant in this case had a lien on a part of the property seized and sold in the foreclosure proceedings entitled the appellant to an appeal from the order of seizure and sale, the appellant's counsel cite the decisions in Pillot v. Cooper, 7 La. Ann. 656; Keys, Maltby & Co. et al. v. Riley, 12 La. Ann. 19; Mutual Insurance Co. v. Houchins, 52 La. Ann. 1137, 27 South. 657. We do not consider the decisions cited applicable to the facts of this case. In Pillot v. Cooper the appellant claiming a half interest in a boat which had been adjudged to be the property of the plaintiff under a sale made by the appellant's co-owner, in a suit to which the appellant was not a party, took a suspensive appeal from the judgment, and thus prevented its execution. It is plain that Mrs. Pillot had an advantage to gain by a reversal of the judgment before it could be executed, though the issue of ownership would not have become, as to her, res judicata, by the judgment, if she had not appealed. The report of the opinion in Keys, Maltby & Co. et al. v. Riley et al. does not disclose whether the appeal, taken by one who was not a party to the suit in which the judgment was rendered, was a suspensive or a devolutive appeal; but it appears that the proceeds of the property attached and sold by the sheriff had not been distributed, as ordered in the judgment, when the appeal was taken. It is plain that the appellant, who had caused the property to be attached in another suit, had an interest in prosecuting the appeal from the judgment recognizing a privilege in favor of the other attaching creditor. The doctrine announced in the syllabus of that case is:

"Where property is under seizure at the suit of several attaching creditors, and judgment is rendered in favor of the plaintiff in the prior attachment, the others have a right to appeal from such judgment under article 571 of the Code of Practice, notwithstanding there had been no issue joined and no curator ad hoc appointed to represent the defendant in the subsequent attachment."

In the case of Mutual Insurance Co. v. Houchins et al., a Mrs. Allen appealed from a judgment decreeing that the defendant Mrs. Houchins had an interest to the extent of $6,363.64 in a policy of insurance of $10,000 in the plaintiff company, on the life of one Green, deceased. It does not appear whether the appeal taken by Mrs. Allen, who was not a party to the original suit, was a suspensive or devolutive appeal; nor does it appear that the insurance company had made payment to Mrs. Houchins in compliance with the judgment, when the appeal was taken. We assume that the insurance company had not paid the claim of Mrs. Houchins, when Mrs. Allen appealed from the judgment. Under such circumstances, the latter had an advantage to gain by a reversal of the judgment, and therefore had a right to appeal from the judgment, although her claim to be recognized as the beneficiary of the policy would not have become res judicata by virtue of the judgment if she had not appealed from it.

The petition for the appeal, in this case, not only fails to show that the appellant has an interest in prosecuting the appeal, but shows affirmatively that the appellant has nothing to gain by the appeal.

The appeal is dismissed, at the cost of the appellant.

PROVOSTY, J., concurs on the ground that an order of seizure and sale after it has been fully executed by the seizure and sale of the property is no longer appealable from; such an order being a mere order adjudicating nothing, and therefore functus officio after it has been fully carried out.