**151 So. 71**

**UNITED RAILWAY MEN'S OIL ASS'N v. DUPUY et al.**

No. 28117.

Feb. 27, 1933.

**On** Rehearing Oct. 30, 1933.

See, also, 175 La. 177, 143 So. 41.

R. F. Langston, of Minden, D. W. B. Kurtz, Jr., of Columbia, Mo., and James J. Landry, of New Orleans, for appellant.

L. K. Watkins, of Minden, for appellees.

BRUNOT, Justice.

The plaintiff is a Colorado corporation, but it engaged in drilling for oil in Webster parish, La. D. W. B. Kurtz, Jr., was the company's attorney and resident agent, in this state, and T. H. McGovern was its local superintendent. The attempt of the company to produce oil proved fruitless and it became involved, but its only creditors were its resident attorney and superintendent. McGovern, the superintendent, filed suit against the company and attached the drilling rig that is involved in this suit. While McGovern's suit was pending in the court, D. W. B. Kurtz, Jr., also filed suit against the company, alleging in his petition that he was the holder and owner of a special mortgage on the property McGovern had attached. In its answer to this suit, the company confessed judgment for the amount, interest and attorney's fees claimed, and consented that the privilege resulting from the special mortgage be enforced as prayed for in the petition. Judgment was rendered accordingly. This judgment was read and signed on June 30, 1922. In due time a fi. fa. was issued and the property was seized under it and advertised for sale. McGovern, whose attachment suit was still pending, but which was decided in his favor on October 16, 1922, intervened in these proceed-

ings and, as a third opponent, claimed a lien and privilege upon the proceeds of the sale of the property. There were no bidders for the property at its first offering, but it was re-offered, on terms of credit, and was adjudicated to Jules L. Dupuy, who represented a syndicate composed of himself, J. B. Sandefur, A. D. Turner, and Jno. Y. Steel. After the adjudication, Kurtz, who had also bid at the sale, ruled the sheriff into court to show cause why his bid was not accepted and the property adjudicated to him. McGovern excepted to the rule upon two grounds, viz., want of proper parties and no cause of action, and, reserving the benefit of his exception, answered the rule. In his answer he attacked the judgment under which the execution issued, but inconsistently renewed his opposition and claimed the proceeds of the sale of the property, thereby putting his entire case at issue on the trial of the rule. While the rule was pending, judgment was rendered in McGovern's attachment suit, in his favor, in all respects, as prayed for in his petition. The sheriff was the only party made defendant in the rule. Neither the defendant in execution nor the adjudicatee of the property, who are, respectively, the plaintiffs and defendants in this suit, were made parties to the rule, nor made any appearance therein.

On the subsequent trial of the rule McGovern's third opposition was dismissed, the judgment rendered in his favor in his attachment suit was annulled, and the Kurtz judgment, under which the execution issued, was also annulled. The sheriff alone appealed from the judgment, but McGovern answered the appeal. This court found that the sheriff was without interest, and it dismissed his appeal.

It also found that the judgment rendered in McGovern's attachment suit had been properly annulled. The decree of the court is as follows:

"For the reasons assigned, it is ordered, adjudged, and decreed that the judgment rendered in the case of McGovern v. The United Railway Men's Oil Association be annulled and set aside, that said exception to the citation be sustained, and said case dismissed, and it is further ordered and decreed that the appeal taken from the judgment rendered on said rule and on the third opposition of McGovern be dismissed." McGovern v. United Ry. Men's Oil Ass'n, 157 La. 966, 103 So. 280, 282.

Basing their claim upon the foregoing decree, and upon the judgment of the district court, rendered on the rule, which annulled the judgment under which the execution issued, the plaintiffs allege ownership of the property sold in execution of that judgment and caused the said property to be sequestered. The plaintiff's petition puts at issue the Kurtz judgment, in the execution of which the sale to the defendant, Jules L. Dupuy, was made.

Defendants filed an exception to the plaintiff's petition as not disclosing a right or cause of action, and a plea of estoppel and, for answer to the suit, pleaded the legality of the Kurtz judgment.

We will first consider the validity of the Kurtz judgment. If the judgment was legal and was rendered by a court of competent jurisdiction, the adjudicatee of property regularly sold in execution of it is fully protected, even though the judgment be subsequent-

ly reversed on a devolutive appeal therefrom. Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308, and authorities there cited.

In the suit of D. W. B. Kurtz, Jr., v. United Railway Men's Oil Association, a Colorado corporation, 157 La. 966, 103 So. 280, the citation of the defendant was defective, but notwithstanding this defect the corporation answered the suit, confessed judgment for the amount of the claim, and consented that the plaintiff's special mortgage be enforced as prayed for in the petition. As there is no question about the competency of the court which rendered the judgment, and as the defendant, by resolution of its board of directors, had the legal right, regardless of the defective citation, to answer the suit and confess judgment, the judgment is not only legal and valid, but it is res adjudicata as to the plaintiff in this suit. The district court presumably so held, for the judgment appealed from dismisses the plaintiff's suit with costs and decrees the defendants the owners of the property sued for.

As the views expressed dispose of the case we will pretermit reference to any other issue raised by the pleadings or by defendant's exception of no right and no cause of action.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.

### On Rehearing.

O'NIELL, Chief Justice.

The plaintiffs sue to recover a drilling rig that was bought by the defendants at a sale made by the sheriff in the execution of a judgment obtained by D. W. B. Kurtz, Jr., against the United Railway Men's Oil Association, plaintiff in the present suit. The plaintiff here contends that the judgment under which the drilling rig was seized and sold by this sheriff to J. L. Dupuy and his associates, defendants in this suit, was declared null in a certain proceeding by rule brought by Kurtz against the sheriff immediately after the sale was made. The defendants here contend that the judgment purporting to annul the judgment under which they bought the drilling rig was itself null because neither the purchasers of the property nor the party whose property was seized and sold was made a party to the proceeding in which the judgment of nullity was rendered. The district judge decided in favor of the defendants in the present suit; and the plaintiff appealed from the decision. This court affirmed the judgment appealed from, but granted a rehearing.

The facts relevant to this suit are stated in the opinion rendered by this court in the case of McGovern v. United Railway Men's Oil Association, 157 La. 966, 103 So. 280, and are not disputed. Edwin T. McGovern filed suit against the oil association for wages alleged to be due to him as field manager and master mechanic, and attached the drilling rig, claiming a lien on it. While McGovern's attachment suit was pending, Kurtz filed suit on a chattel mortgage on the drilling rig which McGovern had attached. The defendant, oil association, resisted McGovern's attachment suit, but confessed judgment in favor of Kurtz, in the foreclosure of his chattel mortgage. Kurtz therefore obtained a writ of fi. fa., under which the sheriff seized the drilling rig and advertised it for sale. McGovern then

filed a petition of intervention or third opposition in the Kurtz suit, claiming a superior lien on the property, and obtained an order of court commanding the sheriff to hold the proceeds of the proposed sale until final decision of McGovern's opposition. When the sheriff offered the property for sale there were no bidders, and he readvertised the sale to be made under a twelve months' bond. At the second offering of the property for sale, under a twelve months' bond, Kurtz made a bid, coupled with the stipulation that he would neither pay the price in cash nor furnish a twelve months' bond, but would insist upon retaining the amount of his bid as a credit upon his judgment against the oil association. The sheriff refused to accept the bid of Kurtz under the conditions on which it was made, because the sheriff construed the judge's order as forbidding him, the sheriff, to allow Kurtz to take credit on his judgment for the amount of his bid before McGovern's opposition could be heard and decided. J. L. Dupuy and his associates (defendants in the present suit) then made the last and highest bid for the drilling rig, and became the purchasers of it. Kurtz immediately filed a rule on the sheriff to show cause why he, the sheriff, should not give him, Kurtz, a deed for the property upon his giving merely a receipt for the amount of his bid; and, at the same time, Kurtz obtained a rule on McGovern to show cause why his opposition should not be dismissed. Dupuy and his associates, who had bought the drilling rig, were not made parties to the rule on the sheriff, nor to the rule on McGovern. Neither was the oil association, whose drilling rig had been sold, made a party to the rule on the sheriff or to the rule on McGovern. McGovern, in his answer to the rule,

claimed the proceeds of the sale, but pleaded also, rather inconsistently, that the judgment which Kurtz had obtained against the oil association, and under which the drilling rig had been seized and sold, was null for want of jurisdiction, ratione personæ, over the defendant, oil association. The rule against the sheriff and McGovern, and McGovern's attachment suit, and the opposition which he had filed in the Kurtz seizure, were tried at one and the same time. In McGovern's attachment suit the court gave him a judgment for the amount for which he had sued and maintained the writ of attachment. But, in the rule on the sheriff and McGovern, in the Kurtz seizure, the court gave judgment declaring that the judgment which Kurtz had obtained against the oil association, and under which the drilling rig had been seized and sold, was null, for want of jurisdiction, ratione personæ, over the defendant, oil association; and, at the same time, the court dismissed the rule on the sheriff, and dismissed McGovern's opposition to the seizure which Kurtz had levied. The oil association appealed from the judgment rendered in McGovern's attachment suit, and the sheriff alone appealed from the judgment rendered on the rule and on McGovern's opposition in the Kurtz seizure. On the two appeals, this court annulled the judgment that had been rendered in McGovern's attachment suit, for want of citation, and dismissed the appeal of the sheriff because he had no interest in prosecuting the appeal. See McGovern v. United Railway Men's Oil Association, 157 La. 966, 103 So. 280.

Inasmuch as the judgment which Kurtz obtained against the United Railway Men's

Oil Association was rendered on a confession of judgment, by the defendant, we do not understand why the district court declared the judgment null for want of jurisdiction ratione personæ, even though the defendant, association, was domiciled in another state. That, however, is a matter of no importance, because the sheriff alone appealed from the judgment declaring that the judgment of Kurtz against the oil association was null, and the appeal of the sheriff was dismissed by this court. The question of correctness of the judgment of nullity therefore would be a closed issue if the oil association (owner of the property that was seized and sold under the judgment) and Dupuy and his associates (purchasers of the drilling rig that was seized under the Kurtz judgment) had been parties to the proceeding in which the judgment was rendered declaring the Kurtz judgment null. But they were not parties to the rule in which the judgment was rendered declaring that the judgment under which the drilling rig was seized and sold was null; and hence, as to them, who are the only parties to the present suit, the judgment of nullity is itself of no effect. It is true that the attorney then representing the United Railway Oil Men's Association, and the attorney now representing Dupuy and his associates, were in court and took part in the trial of the several proceedings which were tried with the rule against the sheriff and McGovern; but the attorney for the United Railway Men's Oil Association was then representing his client as defendant in McGovern's attachment suit, and in McGovern's opposition to the Kurtz seizure; and the attorney who now represents Dupuy and his associates represented only the sheriff in the trial of the rule against the sheriff to

show cause why he should not give Kurtz a deed for the property. The minutes of the court show that affirmatively. Neither the oil association nor Dupuy or any of his associates filed an answer or other plea in the proceeding in which the court gave judgment purporting to annul the Kurtz judgment, under which the drilling rig had been seized and sold to Dupuy and his associates. Our conclusion, therefore, is that the judgment purporting to annul the Kurtz judgment, under which the drilling rig was seized and sold, was itself null. For that reason the judgment appealed from in this case is correct.

The judgment heretofore rendered by this court in the present suit, affirming the judgment appealed from, is now reinstated and made the final judgment of the court.