### MILLER v. PEOPLE'S HOMESTEAD & SAVINGS ASS'N et al.

### No. 5048.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

James H. Trousdale, Jr., and Theus, Grisham, Davis & Leigh, all of Monroe, for appellant.

Brunswig Sholars and McHenry, Lamkin & Lamkin, all of Monroe, for appellees.

TALIAFERRO, Judge.

Plaintiff, alleging his ownership of a lot with improvements thereon in the city of Monroe, La., described in his petition, sought to enjoin public sale thereof at the instance of defendant, under executory process issued on a note and mortgage given it by one who at the time, on the face of the records of Ouachita parish, appeared to be owner of the property. The grounds set up for enjoining the sale are that the order of executory process and writ of sale issued thereunder are null and void because:

" * * * First, the application upon which said order of executory process was issued does not affirmatively aver and show the confession of judgment and the pact de non on the part of the debtor against whom the same was issued; second, that the application upon which said order was issued does not contain authentic evidence of the maturity of the obligation sued on; third, that the application upon which said order was issued does not contain authentic evidence of the amount due upon said obligation for that the application upon which said order was issued makes reference to and is of necessity supplemented by the charter and by-laws of the People's Homestead & Savings Association, but that neither said application nor the Act upon which said application is brought contains any authentic evidence of the terms and provisions of said terms and by-laws."

It is further alleged that by reason of said nullities and the lack of authentic evidence necessary to form a valid basis for the court's order, plaintiff's property was being illegally advertised for sale and that he is entitled to restrain such action by means of injunction. Pursuant to his prayer therefor, a rule nisi issued to defendant and the sheriff directing them to show cause on January 19, 1934 (the day the property was advertised for sale), why a preliminary injunction should not issue for the purposes and as prayed for.

Defendant excepted to the petition on the ground that it did not disclose a cause or right of action. The exception was sustained, the rule nisi set aside, and the suit dismissed. From this judgment, plaintiff appealed devolutively.

We gather from briefs in the case that the sale of the property took place, as advertised.

Plaintiff was not the record owner of the property when mortgaged to defendant, although it appears that in reality he was its owner. His ownership thereof was judicially recognized in a suit against the mortgagor, subject, however, to defendant's mortgage. His relation now, as regards the property, the mortgage thereon, and defendant, is that of third possessor. He was not made a party to the foreclosure proceedings. He makes no attack upon the effectiveness of the mortgage as an encumbrance against the property, nor does he challenge the existence or amount of the mortgage indebtedness asserted against same. He prays that, in due course, a permanent injunction issue forever restraining and enjoining said defendants from selling his property "under the process referred to herein."

We think the course plaintiff should have taken for relief was by appeal from the order of executory process. Such an order, it has been repeatedly held, partakes so much of the character of a final judgment that it may be appealed from suspensively. By appropriate action, plaintiff could have availed himself of the provisions of article 571 of the Code of Practice, giving third persons not parties to a suit a right of appeal when aggrieved by judgment in the case. Griffing v. Bowmar, 3 Rob. 112; Mutual Life Ins. Co. v. Houchins et al., 52 La. Ann. 1137, 27 So. 657; Citizens' Bank v. Bellamy Lbr. Co., 140 La. 497, 73 So. 308.

His right in this respect is coextensive with that of a defendant.

"The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction." Franek v. Brewster, 141 La. 1031, 1044, 76 So. 187, 192, and other cases therein cited.

But, conceding that plaintiff did not mistake his remedy, his position now is beyond relief. He appealed devolutively from the judgment dismissing his suit in toto.

This action did not prevent sale of his property. It was sold as advertised. The questions propounded by his application for injunction are now moot. A sale under such circumstances is none the less valid. No judgment now could disturb the status of things resulting from the sale. Citizens' Bank of Columbia v. Bellamy Lbr. Co. (Wheel and Co., Intervener), 140 La. 497, 73 So. 308; Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 709, 98 So. 160; T. Hofman-Olsen, Inc., v. Northern Lbr. Co., 160 La. 839, 107 So. 593, 594.

In this last case it was held that: "Certiorari and not appeal is proper remedy to correct error of trial court in refusing injunction to restrain further proceedings under executory process."

This holding has reference to cases wherein there is no right of suspensive appeal, such as was presented in Martel v. Rovira et al., 164 La. 1099, 115 So. 283. But see, State ex rel. Lindsay v. Hemenway Furn. Co., Ltd., (La. App.) 159 So. 183, and authorities therein cited, in which it is held in substance that a judgment which denies the issuance of a preliminary injunction and in the same breath disposes of the merits of the case by dismissing the suit, may be appealed from suspensively.

The judgment appealed from is hereby affirmed.