## SECURITY BANKING CO. v. MADDOX et al.

### No. 5508.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Joel L. Fletcher, of Colfax, for appellants.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

DREW, Judge.

Plaintiff had executory process issue on a real estate mortgage against defendants.

The property was advertised for sale to take place on March 13, 1937. On March 3d prior to the sale date, defendants filed a petition alleging many irregularities in the issuance of the writ of execution, which are not necessary to enumerate here, and prayed for a temporary restraining order and finally for an injunction against the sale. A rule nisi issued, made returnable on March 9th. On that date the lower court sustained an exception of no cause or right of action filed by plaintiffs in execution and dismissed the petition for a restraining order and injunction. From this judgment, defendants prosecute this, a devolutive, appeal. No suspensive appeal was prayed for or granted. On the day advertised for the sale, the property was sold by the sheriff of Grant parish and the funds derived therefrom distributed.

In this court appellee has filed a motion to dismiss the appeal. The motion will have to be sustained and the appeal dismissed.

In the case of Miller v. People's Homestead & Savings Association, 161 So. 656, 657, we passed upon this identical question. The facts in that case and the one at bar are identical in most respects. In that opinion we said:

"But, conceding that plaintiff did not mistake his remedy, his position now is ·beyond relief. He appealed devolutively from the judgment dismissing his suit in toto. This action did not prevent sale of his property. It was sold as advertised. The questions propounded by his application for injunction are now moot. A sale under such circumstances is none the less valid. No judgment now could disturb the status of things resulting from the sale.

Citizens' Bank of Columbia v. Bellamy Lumber Company (Wheel & Company, Intervenor), 140 La. 497, 73 So. 308; Ouachita National Bank v. Shell Beach Const. Company, 154 La. 709, 98 So. 160; T. Hofman-Olsen, Inc., v. Northern Lumber Company, 160 La. 839, 107 So. 593."

The appeal herein is therefore dismissed, at plaintiff's cost.